

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

TYRONE B. HENDERSON, SR.,

and

KELVIN THOMAS,

and

RONALD JOHNSON,
on behalf of themselves and others
similarly situated,

      Plaintiffs,

v.

                                Civil Action No: 3:13CV029

BACKGROUNDCHECKS.COM
(in its own name and trading as ebackgroundchecks.com),

      Defendant.

## CLASS COMPLAINT

COME NOW the Plaintiffs, Tyrone B. Henderson, Sr., Kelvin Thomas and Ronald Johnson, on behalf of themselves and all similarly situated individuals, and for their Class Complaint, they state as follows:

## INTRODUCTION

1.     Tyrone B. Henderson, Sr,. Kelvin Thomas and Ronald Johnson (hereinafter "Plaintiffs") bring this class action against Defendant to obtain relief for themselves and the class they propose to represent for violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*

2.      Defendant operates as a unified consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. Defendant maintains an extensive database of public records regarding consumers. It then sells consumer reports generated from the database and furnishes these consumer reports to other reseller consumer reporting agencies that rebrand them and sell them to the potential employers for the Plaintiffs and the putative class members. Defendant and the reseller never reveal to the consumer from where this original report was generated and sold.

3.      Plaintiffs Thomas and Johnson allege an individual claim under 15 U.S.C. § 1681e(b), which required that Defendant use "reasonable procedures to assure maximum possible accuracy" in the publication of Plaintiffs' consumer reports. Plaintiffs had received a tentative job offer conditioned upon their employment background check. The background checks that Defendant then sold to their employers was grossly inaccurate. Defendant had mixed the criminal histories of strangers with the same first and last name into the Plaintiffs' reports, even though those people shared nothing else in common. The Plaintiffs did not then get their jobs.

4.      Plaintiffs also allege a class claim under 15 U.S.C. § 1681k because Defendant did not provide Plaintiffs and other similarly situated consumers timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any

2

concerns or derogatory history in the report directly with the employer. Defendant's failure to comply with these long standing requirements denied the Plaintiffs and each putative class member these important rights.

5.     Finally, Plaintiffs bring a class claim under 15 U.S.C. § 1681g. The Plaintiffs requested their consumer disclosures from the Defendant and a list of all inquiries made to the Defendant for their reports. The Defendant does not reveal the inquiries for reports it sells to third party reseller agencies.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in the district and division.

7.     All three Plaintiffs reside in the Eastern District of Virginia and Plaintiffs Henderson and Thomas are citizens of Richmond, Virginia and maintain all of the documents relevant to this dispute at their homes in Richmond, Virginia.

8.     Defendant has contracted to supply services or things in the Commonwealth of Virginia.

9.     Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth of Virginia.

10.     Plaintiffs intend to serve Defendant through the Secretary of the Commonwealth.

11.     Defendant is owned by a South Carolina-based company and does substantial business in Virginia, North Carolina, South Carolina, Maryland and West Virginia.

## PARTIES

12.    Plaintiffs are natural persons and are "consumers" as protected and governed by the FCRA.

13.    Defendant Backgroundchecks.com serves thousands of customers nationwide, from small businesses to Fortune 100 companies, by providing comprehensive screening services.

14.    According to Defendant, "Backgroundchecks.com is home to one of the largest online criminal conviction databases in the industry."

15.    According to Defendant, "with a database of over 430 million criminal records and over 11 million photos, backgroundchecks.com has an extensive collection of public record sources, delivering reports to both consumers and businesses in an extremely intuitive, user-friendly format."

16.    Backgroundchecks.com operates as a nationwide consumer reporting agency as governed by the FCRA in its own name and as "ebackgroundchecks.com".

## FACTUAL ALLEGATIONS FOR HENDERSON

17.    On November 9, 2011, Plaintiff Tyrone B. Henderson, Sr. wrote to backgroundchecks.com and requested a copy of his full consumer file, including a list of all companies who requested or received his consumer report.

18.    In addition, in that same correspondence, Henderson disputed inaccurate information (the inaccurate attribution of a Pennsylvania felony conviction of a similarly named stranger) that he believed Defendant maintained in its file.

19.    Neither Defendant nor anybody on behalf of Defendant replied to Henderson's

letter which was sent by certified mail.

## FACTUAL ALLEGATIONS FOR THOMAS

20.   Thomas applied for a job with Cableview Communications (hereinafter "Cableview") in September 2011.

21.   Thomas applied for a job with Cableview to cover its territory in and about the Richmond, Virginia geographic area.

22.   Thomas may have authorized a background report.

23.   Cableview ordered a background report on Thomas from Defendant on September 30, 2011.

24.   The background report contained numerous felony convictions for another individual, a stranger.

25.   Based on the results of the background report, Cableview declined to hire him.

26.   Thomas contacted Defendant to request it correct his report and delete the incorrect convictions, but Defendant took no action in response even though Thomas presented Defendant with documentary proof including a state police report, copies of fingerprints and other papers demonstrating that he was not the criminal identified in the incorrect report.

27.   Defendant failed to send Thomas the notice required by FCRA §1681k.

28.   During this same time period, Thomas also requested his full consumer file from Defendant. Defendant failed to provide all of the information in its file, including but not limited to the real sources of its information and the identity of all persons who had requested and received the Plaintiff's report.

5

## FACTUAL ALLEGATIONS FOR JOHNSON

29.     Johnson applied for a job with Catlee, Inc. (hereinafter "Catlee"), a Virginia business, in September 2011.

30.     Johnson applied for a job with Catlee to work with a Virginia McDonalds restaurant.

31.     Defendant prepared and furnished a criminal records consumer report on Johnson to Catlee in or about September 2011.

32.     Defendant's report was grossly inaccurate having mixed the Plaintiff with a similarly named stranger, including the stranger's substantial past criminal history. The stranger was a convicted rapist and sex offender in Indiana and Kentucky.

33.     Based on the results of the background report, Catlee declined to hire him.

34.     Johnson contacted Defendant to request it correct his report and delete the incorrect convictions, but Defendant took no action in response even though Johnson presented Defendant with documentary proof demonstrating that he was not the criminal identified in the incorrect report.

35.     Defendant failed to send Johnson the notice required by FCRA §1681k.

36.     During this same time period, Johnson also requested his full consumer file from Defendant. Defendant failed to provide all of the information in its file, including but not limited to the real sources of its information and the identity of all persons who had requested and received the Plaintiff's report.

## FACTS COMMON TO ALL CLASS MEMBERS

37.     Despite providing a report for employment purposes containing public record

6

information likely to have an adverse affect upon their ability to obtain or maintain employment, Defendant failed to provide notice "at the time" of the fact that the public record information was being reported by it, together with the name and address of the person(s) to whom such information was being reported.

38.     On information and belief, Plaintiffs Thomas and Johnson allege that Defendant did not attempt for any consumer to send by mail or otherwise the notice required by 15 U.S.C. § 1681k(a)(1) "at the time" it furnishes its reports to its employer customers.

39.     On information and belief, Plaintiffs Thomas and Johnson allege that Defendant did not attempt for any consumer to follow the option available at 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g. the Court clerk) immediately before furnishing a report which includes such information.  Title 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

40.     Defendant knew or should have known about its legal obligations under the FCRA.  These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

41.     Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

42.     Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiffs and other members of the class of their rights under the FCRA.

43.     Plaintiffs allege that Defendant's conduct as alleged herein was consistent with its

established and systematically executed procedures and policies for compliance with the FCRA.

## CLAIMS FOR RELIEF

### COUNT I - VIOLATION OF THE FCRA § 1681k(a)(1)
### (CLASS ACTION)
### Thomas and Johnson

44.      Plaintiffs reiterate each of the allegations in the preceding paragraphs as if set forth at length herein.

45.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class (the "1681k Class") initially defined as follows:

> All natural persons residing in Virginia, North Carolina, South Carolina, Maryland or West Virginia (a.) who were the subject of a report sold by Defendant to a third party, (b.) that was furnished for an employment purpose, (c.) that contained at least one public record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment (c.) within five years next preceding the filing of this action and during its pendency, and (d.) to whom Defendant did not place in the United States mail postage pre-paid, on the day it furnished the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

46.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs also bring this action for themselves and on behalf of a alternative sub-class (the "1681k Accuracy Sub-Class") initially defined as follows:

> All natural persons residing in Virginia, North Carolina, South Carolina, Maryland or West Virginia (a.) who were the subject of a report sold by Defendant to a third party, (b.) that was furnished for an employment purpose, (c.) that contained at least one public record of a criminal conviction or arrest, civil lien, bankruptcy or civil judgment (c.) within five years next preceding the filing of this action and during its pendency, (d) when a manual review of the record would reveal that the identity associated with the public record does not match the identity of the class member about whom the report was furnished (e.) to whom Defendant did not place in the United States mail postage pre-paid, on the day it

8

furnished the report, a written notice that it was furnishing the subject report and containing the name of the person that was to receive the report. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

47.    **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

48.    **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant sent the required notices, when it did so and whether Defendant acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question.

49.    **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiffs' claims are typical of the claims of each Class member. Plaintiffs seek only statutory and punitive damages. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the Class.

50.    **Adequacy.** Plaintiffs Thomas and Johnson are adequate representatives of the Class because their interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent, they have retained counsel competent and experienced in such litigation, and they intend to prosecute this action vigorously. FED. R. CIV. P. 23(a(4). Plaintiffs and their Counsel will fairly and adequately protect the interests of

9

members of the Class.

51.  **Superiority.**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

52.  **Injunctive Relief Appropriate for the Class.**  Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiffs and the Class members. FED. R. CIV. P. 23(b)(2).

53.  Defendant's failure to timely provide the required FCRA notices to the Plaintiffs Thomas and Johnson and other members of the putative class violated 15 U.S.C. § 1681k(a)(1).

54.  The conduct, action, and inaction of Defendant was willful, rendering Defendant

liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

55.     Plaintiffs Thomas and Johnson and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

56.     As a result of these FCRA violations, Defendant is liable to Plaintiffs Thomas and Johnson and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

**COUNT II - VIOLATION OF THE FCRA § 1681g(a)**
**(CLASS ACTION)**
**Henderson, Thomas and Johnson**

57.     Plaintiffs reiterate each of the allegations in the preceding paragraphs as if set forth at length herein.

58.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class (the "1681g Class") initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a.) who requested their consumer file from backroundchecks.com, (b.) within five years next preceding the filing of this action and during its pendency, and (c.) about whom a backgroundchecks.com report had been furnished to a third party end-user or reseller-user (1.) for employment purposes, during the 2-year period preceding the date on which the consumer's request for the report made, or (2.) for any other purpose, during the 1-year period preceding the date on which the request was made.  Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

59.     **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that

11

joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

60. **Existence and Predominance of Common Questions of Law and Fact.** FED. R. CIV. P. **23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant disclosed the inquiries in its consumer disclosures, whether it was required to do so, and whether Defendant acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of this information. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

61. **Typicality.** FED. R. CIV. P. **23(a)(3)).** Plaintiffs' claims are typical of the claims of each Class member. Plaintiffs seek only statutory and punitive damages. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the Class.

62. **Adequacy.** Plaintiffs are adequate representatives of the Class because their interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent, they have retained counsel competent and experienced in such litigation, and they intend to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiffs and their Counsel will fairly and adequately protect the interests of members of the Class.

63. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P.

23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

64. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiffs and the Class members. FED. R. CIV. P. 23(b)(2).

65. Defendant's failure to disclose the inquiries and reports furnished to third parties violated 15 U.S.C. § 1681g(a)(3) as to the Plaintiffs and other members of the Section 1681g class.

66. The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67. Plaintiffs and other members of the putative class are entitled to recover costs and

attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

68.     As a result of these FCRA violations, Defendant is liable to Plaintiffs and to each Section 1681g Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

**COUNT III - FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**(INDIVIDUAL CLAIM)**
**Thomas and Johnson**

69.     Plaintiffs reiterate each of the allegations in the preceding paragraphs as if set forth at length herein.

70.     Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports they furnished regarding the Plaintiffs Thomas and Johnson.

71.     As a result of this conduct by the Defendant the Plaintiffs suffered actual damages, including without limitation, by example only and as described herein on their behalf by counsel:  loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

72.     Defendant's violations of 15 U.S.C. § 1681e(b) were willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n.  In the alternative, the Defendant was negligent entitling the Plaintiffs Thomas and Johnson to recover under 15 U.S.C. § 1681o.

73.     Plaintiffs Thomas and Johnson are entitled to recover actual damages and/or

statutory damages, punitive damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiffs and the Class Members pray for relief as follows:

a. That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Class;

b. That judgment be entered for Plaintiffs individually against Defendant for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. §§ 1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o;

c. That judgment be entered for the class against Defendant for statutory damages and punitive damages for violation of 15 U.S.C. §§ 1681k(a) and 1681g(a) pursuant to 15 U.S.C. § 1681n. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

    d.    That the Court grant such other and further relief as may be just and proper.

TRIAL BY JURY IS DEMANDED.

**TYRONE B. HENDERSON, Sr. and**
**KELVIN THOMAS**
**For themselves and on behalf of all**
**similarly situated individuals.**

By: _____

Dale W. Pittman
VSB #15673
Attorney for Plaintiffs
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A W. Tabb Street
Petersburg, VA 23803-3212
Telephone: (804) 861-6000
Fax: (804) 861-3368
Email: dale@pittmanlawoffice.com

Christopher Colt North
VSB #16955
Attorney for Plaintiffs
THE CONSUMER & EMPLOYEE RIGHTS LAW FIRM, PC
751-A Thimble Shoals Boulevard
Newport News, VA 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com

Leonard A. Bennett
VSB #37523
Attorney for Plaintiffs
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Phone: (757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@clalegal.com

16

Susan M. Rotkis
VSB# 40693
Attorney for Plaintiffs
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Phone: (757) 930-3660
Fax: (757) 930-3662
srotkis@clalegal.com

Matthew J. Erausquin
VSB #65434
Attorney for Plaintiffs
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile
matt@clalegal.com

James A. Francis (pro hac vice)
David A. Searles (pro hac vice)
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600