UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KELVIN THOMAS,**
on behalf of himself and others
similarly situated,

      **Plaintiff,**

v.                                  Civil Action No: **3:13CV000029-REP**

**BACKGROUNDCHECKS.COM**
(in its own name and trading as e-backgroundchecks.com)

      **Defendant.**

## THIRD AMENDED CLASS COMPLAINT

COME NOW, the Plaintiff Kelvin Thomas, on behalf of himself and all similarly situated individuals, and for this Third Amended Class Complaint, states as follows:

### INTRODUCTION

1. Kelvin Thomas ("Plaintiff") brings this class action against Defendant e-backgroundchecks.com, Inc. ("BGC"), to obtain relief for himself and the class he proposes to represent for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. Defendant operates as a consumer reporting agency. Defendant maintains an extensive database of public records regarding consumers. It then sells consumer reports generated from the database.

3. Plaintiff Thomas alleges an individual claim under 15 U.S.C. § 1681e(b), which requires that Defendant use "reasonable procedures to assure maximum possible accuracy" in the

publication of Plaintiff's consumer reports. Plaintiff had received a tentative job offer conditioned upon his employment background check. The background check that Defendant then sold to his employer was grossly inaccurate. Defendant had mixed the criminal histories of strangers with the same first and last name into the Plaintiff's report. The Plaintiff did not then get the job.

4. Plaintiff also alleges a class claim under 15 U.S.C. § 1681k because Defendant did not provide Plaintiff and other similarly situated consumers notice that it was furnishing an employment purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide him the opportunity to address any concerns or derogatory history in the report directly with the employer. Defendant's failure to comply with these long-standing requirements denied the Plaintiff and each putative class member these important rights. Plaintiff and class members have actual damages arising from these violations.

## JURISDICTION AND VENUE

5. The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in the district and division.

6. PlaintiffThomas is a citizen of Richmond, Virginia and maintains all of the documents relevant to this dispute at his home in Richmond, Virginia.

2

7. Defendant has contracted to supply services or things in the Commonwealth of Virginia.

8. Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth of Virginia.

9. Plaintiff served Defendant through the Secretary of the Commonwealth.

10. Defendant does substantial business in Virginia, North Carolina, South Carolina, Maryland and West Virginia.

**PARTIES**

11. Plaintiff is a natural person and a "consumer" as protected and governed by the FCRA.

12. Defendant serves thousands of customers nationwide, from small businesses to Fortune 100 companies, by providing comprehensive screening services.

13. According to Defendant, "Backgroundchecks.com is home to one of the largest online criminal conviction databases in the industry."

14. According to Defendant, "with a database of over 430 million criminal records and over 11 million photos, backgroundchecks.com has an extensive collection of public record sources, delivering reports to both consumers and businesses in an extremely intuitive, user-friendly format."

15. Defendant operates as a consumer reporting agency as governed by the FCRA in its own name and as "e-backgroundchecks.com".

18. Defendant is, "a consumer reporting agency which [for the purpose of furnishing consumer reports] for employment purposes […] compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment[.]" 15 U.S.C. § 1681k(a).

## FACTUAL ALLEGATIONS

19. Plaintiff applied for a job with Cableview Communications (hereinafter "Cableview") in September 2011.

20. Plaintiff applied for a job with Cableview to cover its territory in and about the Richmond, Virginia geographic area.

21. Plaintiff may have authorized a background report.

22. In the fall of 2011, Cableview decided to sells its operation to FTS.

23. Cableview and FTS collectively ordered a background report on Plaintiff from Defendant on September 30, 2011.

24. The background report contained numerous felony convictions for another individual, a stranger that was guilty of multiple counts of conspiracy to distribute marijuana, felony conspiracy to launder money, illegal use of a communication device. In addition, the "stranger" was also listed under the Louisiana sexual child predator offender registry concerning charges of statutory rape-no force, and felony carnal knowledge of a juvenile.

25. Based on the results of the background report, Cableview declined to retain Plaintiff and FTS declined to hire him.

26. In this litigation, Plaintiff has also learned that Defendant has sold multiple other consumer reports regarding him to various users and end-users for an employment purpose. These include: USDC Corporation (March 7, 2008); Cableview (July 13, 2009, September 22, 2010, and September 30, 2011); SentryLink (January 16, 2013) to Team ACP Construction (January 16, 2013); and Communications Unlimited (August 13, 2013).

27. Plaintiff alleges on information and belief that each of these reports contained a derogatory criminal and/or traffic public record. And each contained public records that Defendant had inaccurately attributed to Plaintiff.

28. Defendant failed to send Plaintiff the notice required by FCRA §1681k(a)(1) and did not use strict procedures as required by FCRA §1681k(a)(2).

**FACTS COMMON TO ALL CLASS MEMBERS**

29. Defendant concedes its existence as a consumer reporting agency that compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment.

30. Defendant concedes that each of the above alleged consumer reports as to the named Plaintiff contained at least one public record criminal or traffic conviction.

31. During the entire relevant period, Defendant has maintained several problematic policies that cause it to violate the FCRA in sales of an instant database background check with a match of at least one public record criminal or traffic conviction.

32. First, Defendant provided a criminal and traffic records database search based on a match of a partial name and date of birth. The employer is told that there are possibly matching records, but then offered the opportunity to see more specific information.

33. Defendant apparently operates under the misconception that it is not providing a FCRA governed "consumer report" when it informs end-users that there are possibly matching records.

34. Before the class period, it was already well-established in the law that such simple "Yes"/"No" reports are consumer reports, even if the specific public record details are not disclosed.

35. An initial search summary that discloses to the employment-purpose end-user that Defendant has found a possible match of a public record triggers the obligation stated at 15 U.S.C. §1681k(a).

36. Defendant's policy and procedure is to send a 15 U.S.C. § 1681k(a)(1) notice only if all these events have already occurred:

    a. Defendant's report is sold directly to the employer end-user;

    b. Employer has not purchased Defendant's "US OneVERIFY" product;

    c. Employer electronically receives the "Match/No Match" initial report;

    d. Employer makes a selection for further details from "Match/No Match" report;

    e. Employer receives further details from "Match/No Match" initial report; and

    f. Employer affirmatively states to Defendant that it will or might make an adverse employment decision based on that additional detail in the final report.

37. This process did not vary in a meaningful way until at least three months had passed after the filing of this lawsuit.

38. These seemingly patchwork contingencies actually constitute a large set of reports that Defendant sold during the class period and prior to April 2013.

39. Despite providing a report for employment purposes containing public record information likely to have an adverse effect upon their ability to obtain or maintain employment, Defendant failed to provide notice of the fact that the public record information was being reported by it, together with the name and address of the person(s) to whom such information was being reported.

40. On information and belief, Plaintiff Thomas alleges that Defendant did not attempt for a large number of consumers to send by mail or otherwise the notice required by 15 U.S.C. § 1681k(a)(1)).

41. On information and belief, Plaintiff Thomas alleges that, for that same set of consumers, Defendant did not follow the option available at 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (*e.g.*, the Court clerk) immediately before furnishing a report which includes such information. Title 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

42. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

43. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

44. Further, multiple court decisions have interpreted these provisions in a manner

that would have fully informed Defendant of the illegality of its procedures and the risk that they violated the law. For example, as long ago as 2007, this Court found that the consumer made out a case under §1681k if it provided the notices required at §1681k(a)(1) only later in the day or the next business day after it furnished the employment report. *Williams v. LexisNexis Risk Mgmt. Inc.*, Civ. No. 3:06cv241, 2007 WL 2439463 (E.D. Va. Aug. 23, 2007). And it further held that a procedure of requiring the consumer who telephoned to make the dispute in writing using an agency's proprietary form was unlawful. *Id*.

45. Despite knowing of these legal obligations, Defendant acted at least negligently in breaching its known duties and deprived Plaintiff and other members of the class of their rights under the FCRA.

46. In the alternative, Defendant recklessly violated the FCRA in the manners alleged.

47. Plaintiff alleges that Defendant's conduct as alleged herein was consistent with its established and systematically executed procedures and policies for compliance with the FCRA.

**CLAIMS FOR RELIEF**

**COUNT I - VIOLATION OF THE FCRA § 1681k(a)(1)**
**(CLASS ACTION)**

48. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

49. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Thomas brings this action for himself and on behalf of a class (the "Class") defined as follows:

> All natural persons residing in the United States, any U.S. territory, the District of Columbia, or Puerto Rico who were the subject of one or more consumer reports

that BGC prepared and furnished directly to an end-user for its employment purposes during the period from January 11, 2011 to August 31, 2014, which report or reports contained one or more criminal offense records, where BGC neither (a) sent the person a notice pursuant to FCRA § 613(a)(1) [15 U.S.C. § 1681k(a)(1)] nor (b) as a matter of procedure, obtained the records from or confirmed the records with a government body (either directly or through others) after receiving the request for the report and before furnishing the report. Excluded from the Class are any officers, directors, or employees of, any consumer who has previously released his or her claims against BGC, and the Judge overseeing this action.

50. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

51. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant sent the required notices, and whether Defendant acted negligently or willfully in its failure to design and implement procedures to assure compliant delivery of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question.

52. **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of the Class. As go the claims of the Plaintiff, so will go those of the Class. There are no material differences in the law or material facts for the claims of the Plaintiff from those of the Class. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

9

53. **Adequacy.** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

54. **Fed. R. Civ. P. 23(b)(1)**. If the individual claims of the Plaintiff and even a modest number of Class members, for example 1%, were prosecuted for statutory and punitive damages, as a practical matter, these adjudications would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interest. The jury would properly consider the extent of culpability and legal injury to all consumers – those before the Court and those not before the Court. The extent of a full verdict for 1% of the Class would be significant. Defendant may well argue even opposing Rule 23(b)(3) class certification or in seeking a Rule 23(f) appeal that its exposure from a modest class recovery would be crippling. It is that same exposure – imagined or real – that justifies Rule 23(b)(1) certification. In addition, it is alleged on information and belief that the insurance coverage available for class member recovery is fixed and will constitute a sufficient obstacle to recovery as to justify Rule 23(b)(1) limited fund certification.

55. **Fed. R. Civ. P. 23(b)(2)**. In all regards material to this claim, Defendant acted or refused to act on grounds that apply generally to the Class. Plaintiff seeks injunctive relief for himself and for the Class to compel Defendant's FCRA compliance as to past reports (providing the notices the law requires) and in all future reports as to each Class member. Further, Plaintiff also seeks a declaration that Defendant's conduct alleged herein was unlawful and did violate 15

U.S.C. § 1681k(a)(1).

56. **Fed. R. Civ. P. 23(b)(3)**. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). Statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

57. **Fed. R. Civ. P. 23(c)(4)**. Plaintiff also brings this action as a liability-only issue certification class action under 15 U.S.C. § 1681o to the extent the Court or fact-finder concludes that Defendant did not recklessly violate 15 U.S.C. §1681k(a), but did negligently do so.

58. Defendant's failure to provide the required FCRA notices to Plaintiff Thomas and other members of the Class under 15 U.S.C. § 1681k(a)(1) and failure to use strict procedures under 15 U.S.C. § 1681k(a)(2) violated 15 U.S.C. § 1681k(a).

59. The conduct, action, and inaction of Defendant was reckless, rendering Defendant

liable for statutorily determined actual damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

60. In the alternative, the conduct, action, and inaction of Defendant was negligent, rendering Defendant liable pursuant to 15 U.S.C. § 1681o, with a separate trial for actual damages if established.

61. Plaintiff Thomas and other members of the Class are entitled to recover costs and attorney's fees, as well as appropriate injunctive and declaratory relief from Defendant, in a manner and an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT II - FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### (INDIVIDUAL CLAIM)

62. Plaintiff Thomas reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

63. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports they furnished regarding Plaintiff Thomas.

64. As a result of this conduct by the Defendant, the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

65. Defendant's violations of 15 U.S.C. § 1681e(b) were reckless, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent,

entitling Plaintiff Thomas to recover under 15 U.S.C. § 1681o.

66. Plaintiff Thomas is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

    a. That an order be entered certifying the proposed Class under Rule 23(b)(1), 23(b)(2), 23(b)(4) and 23(c)(4) of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

    b. That judgment be entered for Plaintiff Thomas individually against Defendant for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o;

    c. That the Court order appropriate injunctive and declaratory relief as pled;

    d. That judgment be entered for the Class against Defendant for statutory damages and punitive damages for violation of 15 U.S.C. § 1681k(a), pursuant to 15 U.S.C. §§ 1681n and 1681o. In the alternative, for issue (liability) only certification and judgment for the Class.

    e. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

    f. That the Court grant such other and further relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

KELVIN THOMAS
for himself and on behalf of all
similarly situated individuals.

By: _____/s/_____
Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB#40693
Matthew J. Erausquin
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Phone: (757) 930-3660
Fax: (757) 930-3662
lenbennett@clalegal.com
srotkis@clalegal.com
matt@clalegal.com

Dale W. Pittman, VSB#15673
**THE LAW OFFICE OF DALE W. PITTMAN, P.C.**
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803-3212
(804) 861-6000
(804) 861-3368 facsimile
dale@pittmanlawoffice.com

Christopher Colt North, VSB #16955
THE
CONSUMER & EMPLOYEE RIGHTS LAW FIRM, P.C.
751-A Thimble Shoals Boulevard
Newport News, VA 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com

James Francis (*pro hac vice*)
David A. Searles (*pro hac vice*)
FRANCIS & MAILMAN, P.C.
19th Floor
100 S. Broad St.
Philadelphia, PA 19110
Telephone: (215) 735.8600
Fax: (215) 940-8000
jfrancis@consumerlawfirm.com
dsearles@consumerlawfirm.com

Sharon M. Dietrich (*pro hac vice*)
COMMUNITY LEGAL SERVICES, INC.
1424 Chestnut Street
Philadelphia, PA 19102
215-981-3700

Attorneys for Plaintiff and Class