## AMENDED SETTLEMENT AGREEMENT

This Amended Settlement Agreement (the "Settlement Agreement") is between Kelvin Thomas, individually and as representative of the Settlement Class Members defined in Section 2.1 below, ("**Plaintiff**") and e-backgroundchecks.com, Inc., a Texas corporation ("**BGC**").

## ARTICLE 1   BACKGROUND

(a)  On January 11, 2013, Tyrone B. Henderson, Sr., Kelvin Thomas, and Ronald Johnson filed an action styled as *Henderson, Thomas, et al. v. Backgroundchecks.com*, Civil Action No. 3:13-cv-029 (the "**Litigation**") in the United States District Court for the Eastern District of Virginia (the "**Court**"), alleging that BGC failed to comply with the federal Fair Credit Reporting Act ("**FCRA**"), specifically FCRA § 607(b) [15 U.S.C. § 1681e(b)], FCRA § 609(a) [15 U.S.C. § 1681g(a)], and FCRA § 613(a) [15 U.S.C. § 1681k(a)], when it either prepared criminal background reports for prospective employers or received file disclosure requests.

(b)  On March 25, 2013, BGC filed its Motion to Strike or, in the Alternative, Dismiss Claims of Plaintiff Tyrone B. Henderson, arguing that the Complaint lacked sufficient factual allegations to make Mr. Henderson a member of the proposed classes.

(c)  On April 8, 2013, plaintiffs Tyrone B. Henderson, Sr., Kelvin Thomas, Ronald Johnson, and Pamela Edwards filed their First Amended Class Complaint.

(d)  On April 15, 2013, the Court denied BGC's Motion to Strike or, in the Alternative, Dismiss Claims of plaintiff Tyrone B. Henderson as moot in light of the First Amended Class Complaint.

(e)  On April 30, 2013, plaintiffs filed their Second Amended Class Action Complaint.

(f)  BGC and plaintiffs completed substantial discovery, including written discovery, document production, depositions, and third-party discovery.

(g)   On August 19, 2013, the parties to the Litigation agreed to stay all deadlines in the case to pursue private mediation.

(h)   On March 12, 2014, the parties to the Litigation conducted an arms-length, contentious, lengthy, and complicated in-person mediation session at the office of Kilpatrick Townsend & Stockton, LLP ("**Defendant's Counsel**") in Atlanta, Georgia with Rodney Max.

(i)   On April 29, 2014, the parties to the Litigation conducted a second arms-length, contentious, lengthy, and complicated in-person mediation session at the offices of Kilpatrick Townsend & Stockton, LLP in Atlanta, Georgia with Rodney Max.

(j)   On June 23, 2014, the parties to the Litigation conducted a third arms-length, contentious, lengthy, and complicated in-person mediation session at the offices of Reed Smith LLP in Philadelphia, Pennsylvania with Rodney Max. During that session, the Plaintiff and BGC (the "**Parties**") reached an agreement in principle to settle the Litigation as between them.

(k)   On August 22, 2014, the Court referred the Litigation to United States Magistrate Judge David Novak, who has subsequently supervised the completion of the negotiation of this Settlement Agreement.

(l)   On February 5, 2015, plaintiff Kelvin Thomas filed his Third Amended Class Action Complaint.

(m)   The statements above are true and correct and are a substantive part of this Settlement Agreement.

## ARTICLE 2   PARTY POSITIONS

### Section 2.1     Willingness to Settle

The Parties are willing to enter into this Settlement Agreement to settle the claims of the Settlement Class Members because of, among other things, the expenses, risks, difficulties, delays, and uncertainties of further litigation, including appeals. "**Settlement Class Members**"

means all natural persons residing in the United States, any U.S. territory, the District of Columbia, or Puerto Rico who were the subject of one or more consumer reports that BGC prepared and furnished directly to an end-user for its employment purposes during the period from January 11, 2011 to August 31, 2014, which report or reports contained one or more criminal offense records, where BGC neither (a) sent the person a notice pursuant to FCRA § 613(a)(1) [15 U.S.C. § 1681k(a)(1)] nor (b) as a matter of procedure, obtained the records from or confirmed the records with a government body (either directly or through others) after receiving the request for the report and before furnishing the report. Excluded from the Settlement Class are any Released Party, any consumer who has previously released his or her claims against BGC, and the Judge overseeing the Litigation.

## Section 2.2    Plaintiff's and Settlement Class Counsel's Belief

The Plaintiff and Settlement Class Counsel believe that this Settlement Agreement provides fair, reasonable, and adequate relief to the Settlement Class Members, and that it is in the best interest of the Settlement Class Members that the Litigation be settled, compromised, and dismissed on the merits and with prejudice on the terms set forth below. "**Settlement Class Counsel**" means (a) Leonard A. Bennett, Matthew J. Erausquin, and Susan Rotkis of Consumer Litigation Associates, P.C.; (b) James A. Francis, David A. Searles, and John Soumilas of Francis & Mailman, P.C.; (c) Anthony R. Pecora and Matthew A. Dooley of O'Toole, McLaughlin, Dooley & Pecora, Co.; (d) Dale Wood Pittman of The Law Offices of Dale Wood Pittman, P.C.; (e) Keith J. Keogh of Keogh Law Ltd., (f) Sharon M. Dietrich of Community Legal Services, Inc.; and (g) each of the law firms so listed.

## Section 2.3    BGC's Denial of Wrongdoing or Liability

BGC has denied and continues to deny any fault, wrongdoing, violation of the law, or liability related to the conduct alleged in the Litigation. BGC denies the validity of each of the claims and

the prayers for relief asserted in the Litigation. BGC has asserted and continues to assert many defenses in the Litigation, including that it maintains reasonable procedures to assure maximum possible accuracy and that it provided notice to consumers at the time that it reported public record information that was likely to have an adverse effect upon the consumer's employment to employers. No action or document is, or is to be construed as, an admission, where:

(a)   "action" includes the Parties' discussion of the possibility of settlement, the negotiation of a settlement, their entry into this Settlement Agreement, their carrying out this Settlement Agreement, and their willingness to do the foregoing;

(b)   "document" includes each provision of this Settlement Agreement or of any document that led to it, implements it, or relates to it or to which it refers; and

(c)   "admission" includes any admission of the validity of any claim, any status, or any fact alleged in this Litigation, of any fault, wrongdoing, violation of law, or liability of any kind on the part of BGC, of any claim or allegation made in any action or proceeding against BGC, or of the infirmity of any defense.

## Section 2.4     No Admission by BGC of Elements of Class Certification

BGC denies that a class should be certified other than for purposes of this Settlement Agreement and preserves its arguments in opposition to any motion for class certification. BGC contends that the Litigation could not be certified as a class action under Federal Rule of Civil Procedure 23. Nothing in this Settlement Agreement is, or is to be construed, as an admission by BGC that the Litigation or any similar case is amenable to class certification for trial purposes. Furthermore, nothing in this Settlement Agreement will prevent BGC from opposing class certification or seeking de-certification of the conditionally certified class if Final Approval of this Settlement Agreement is not obtained, or not upheld on appeal, including review by the United States Supreme Court.

## ARTICLE 3   MOTION FOR PRELIMINARY APPROVAL

### Section 3.1     Filing of Motion for Preliminary Approval

On or before February 13, 2015, Settlement Class Counsel shall file this Settlement Agreement with the Court together with a Motion for Preliminary Approval that seeks entry of an order substantially in the form attached hereto as Exhibit A that would do the following, for purposes of this Settlement Agreement only (entry of that order being the "**Preliminary Approval**"):

(a)  certify a conditional settlement class under Federal Rule of Civil Procedure 23 composed of the Settlement Class Members;

(b)  preliminarily approve this proposed Settlement Agreement;

(c)  approve the proposed short-form notice appropriate for mailing to the Settlement Class Members by post card (the "**Mail Notice**") in a form substantially similar to Exhibit B;

(d)  approve the proposed long-form notice appropriate for making available to the Settlement Class Members through a website (the "**Long-Form Notice**") in a form substantially similar to Exhibit C;

(e)  approve the proposed form that Settlement Class Members must submit to receive payment from the Settlement Fund (the "**Claim Form**") in a form substantially similar to Exhibit D;

(f)  approve the proposed form that Settlement Class Members must submit to preserve an individual claim for damages instead of receiving payment from the Settlement Fund (the "**Limited Claim Reservation Form**") in a form substantially similar to Exhibit E;

(g)  approve the proposed form of notice of Final Approval that the Settlement Administrator will send by electronic mail to inform Settlement Class Member that the Settlement Agreement has been approved and that the Settlement Class Member may obtain a Current Report (the "**Approval Notice**") in a form substantially similar to Exhibit F;

(h)  certify the Plaintiff as the representative of the Settlement Class Members;

(i)   appoint Settlement Class Counsel as counsel for the Settlement Class Members; and

(j)   appoint a settlement administrator acceptable to the Parties (the "**Settlement Administrator**") to perform the duties that this Settlement Agreement assigns to the Settlement Administrator.

**Section 3.2      Retention of Settlement Administrator**

Settlement Class Counsel shall, on the proposed Settlement Class Members' behalf, hire the Settlement Administrator, subject to approval by BGC. Settlement Class Counsel shall ensure that the agreement by which Settlement Class Counsel hires the Settlement Administrator contractually imposes upon the Settlement Administrator all of the duties that this Settlement Agreement assigns to the Settlement Administrator.

**ARTICLE 4   SETTLEMENT FUND**

**Section 4.1      Administration of Settlement Fund**

**Subsection 4.1.1      Creation of Settlement Fund**

"**Settlement Fund**" means $18,000,000 plus income earned thereon, if any. The Settlement Fund is a common fund created as a result of the Litigation. Interest earned, if any, on the Settlement Fund will be for the benefit of the Settlement Fund if the Effective Date occurs.

**Subsection 4.1.2      Capped Fund**

The Settlement Fund is the limit of BGC's monetary liability under this Settlement Agreement. In addition to the Settlement Fund, BGC is responsible for its own attorneys' fees and for its costs associated with creation of the class list under Section 5.1, provision of the CAFA Notice under Section 5.6, creation of the Historical Report Portal and provision of Current Reports under Section 5.7 and Section 8.1, implementation of the process changes described in Section 6.4, and creation of the Current Report Portal and provision of Current Reports under Section 8.2 (the "**Additional Costs**"). The Settlement Fund includes all monetary benefits to the Settlement

Class, attorneys' fees awards, incentive and service awards, individual damages, costs of class notice, costs of administration, and all other costs and expenses associated with this Settlement Agreement. Under no circumstances will BGC be liable under this Settlement Agreement to pay any amounts other than the Settlement Fund and the Additional Costs. Other than establishing the Settlement Fund, BGC will have no responsibility for, or liability related to, the payment of any Attorneys' Fees to the Settlement Class Counsel under Section 10.1, payment of any individual service award under Section 10.2, or any payments to Settlement Class Members under Section 10.4. The sole source of any payment of these amounts will be the Settlement Fund.

### Subsection 4.1.3         Creation of Settlement Fund Account

The Settlement Administrator must establish an account to hold the Settlement Fund. The account must be a qualified settlement fund or equivalent, interest-bearing escrow account at an FDIC-insured bank selected by Settlement Class Counsel and approved by BGC. BGC hereby approves Towne Bank. The Settlement Administrator must promptly notify the other Parties of the date of the establishment of the account. The Settlement Administrator must not commingle the Settlement Fund with any other funds. The Settlement Administrator may hold the Settlement Fund in cash, cash equivalents, certificates of deposit, or instruments insured by an arm of or backed by the full faith and credit of the United States Government.

### Subsection 4.1.4         Deposit of Settlement Fund

Within 10 business days after Preliminary Approval, BGC (and/or its insurers) shall transfer to the Settlement Administrator, by draft or by wire, $1,500,000. Within 10 business days after the Effective Date, BGC (and/or its insurers) shall transfer to the Settlement Administrator, by draft or by wire, $16,500,000.

### Subsection 4.1.5        Control of Settlement Fund

Class Counsel and Defendant's Counsel shall direct the Settlement Administrator to make distributions from the Settlement Fund only in accordance with this Settlement Agreement and orders of the Court.

## Section 4.2        Settlement Fund Tax Status

### Subsection 4.2.1        Qualified Settlement Fund

To the extent that the Settlement Fund earns any income,:

(a)   the Parties shall treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. 1.468B-1;

(b)   the Settlement Administrator must timely make such elections as necessary or advisable to carry out the provisions of this Subsection 4.2.1, including the "relation back election" (as defined in Treas. Reg. 1.468B-1) back to the earliest permitted date;

(c)   the Settlement Administrator must make those elections in compliance with the procedures and requirements contained in those regulations;

(d)   the Settlement Administrator must timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter file the necessary documentation; and

(e)   the Settlement Administrator must ensure that the necessary documentation is consistent with this Section 4.1.

### Subsection 4.2.2        Administrator

For the purpose of Treasury Regulation 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" will be the Settlement Administrator, if those regulations apply to this Settlement Agreement. To the extent the Settlement Fund earns any income, the Settlement Administrator must timely and properly file

all informational and other tax returns necessary or advisable related to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. 1.468B-2(k)). The Settlement Administrator must ensure that any such returns are consistent with this Section 4.1.

### Subsection 4.2.3        Payment of Taxes and Tax Expenses

The Settlement Administrator must pay out of the Settlement Fund all (i) local, state, and federal income taxes (including both estimated and actual taxes, and including tax detriments imposed on any of the Released Parties, and including interest or penalties on those taxes or tax detriments), related to income earned by the Settlement Fund or related to income earned by the Settlement Fund for any period when the Settlement Fund earns income, but does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("**Taxes**"), and (ii) expenses and costs incurred in connection with the operation and implementation of this Section 4.1, including expenses of tax attorneys, accountants, and other professionals and of mailing and distribution related to filing (or failing to file) tax elections or returns described in this Section 4.1 (the "**Tax Expenses**"). The Settlement Administrator must timely pay any Taxes and Tax Expenses out of the Settlement Fund without prior order from the Court. The Settlement Administrator must (despite anything in this Settlement Agreement to the contrary) withhold from distribution any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. 1.468B-2(l), if it applies to this Settlement Agreement). The Parties shall cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section 4.1. The Released Parties have no liability for any Taxes or Tax Expenses. The Settlement Administrator must indemnify and hold the Released Parties harmless for Taxes and Tax Expenses (including Taxes payable by reason of any such indemnification).

## ARTICLE 5  NOTICE PLAN

### Section 5.1      Preparation and Production of Class List

BGC shall provide the Settlement Administrator with a class list within 30 days after Preliminary Approval. BGC has represented, and the Plaintiff has relied on the representation, that there are no more than approximately 430,000 Settlement Class Members. BGC shall use reasonable methods to prepare the class list so that it names each Settlement Class Member. For each Settlement Class Member, BGC shall assign a unique code to each historical report that qualifies the Settlement Class Member for membership in the Settlement Class (the "**Historical Reports**"). The Settlement Class Members may use the unique codes to claim free Historical Reports from BGC under Section 5.7 and a free current report under Section 8.2 (the "**ID Code**"). BGC shall use reasonable methods to remove from the class list those Settlement Class Members, if any, that BGC believes have previously released their claims against BGC. When BGC provides the class list to the Settlement Administrator, BGC shall provide Settlement Class Counsel with the reasons for each removal. Settlement Class Counsel shall then have 10 days to object to such removal. Any such objections shall be resolved in accordance with Section 14.6. BGC shall use reasonable methods to de-duplicate the class list. In addition to the names of the prospective Settlement Class Members on the class list, BGC shall use reasonable methods to provide the most recent physical and electronic mailing addresses found in BGC's databases for each prospective Settlement Class Member (excluding electronic mailing addresses for which BGC has record that mail to that address bounced), to the extent such information exists and can be systematically retrieved from those databases. BGC shall request an address for any Settlement Class Member for which it has a Social Security number but no physical mailing address from a commercially available service that it uses in its ordinary business. To the extent that BGC does not supply an address for any Settlement Class Member, BGC shall supply a

Social Security number and date of birth, to the extent present in its files. After all reasonable efforts to develop addresses for the Settlement Class Members have been performed and prior to Preliminary Approval, the Parties shall advise the Court of the results and seek approval of appropriate additional notice procedures, if necessary.

**Section 5.2    Use of Class List**

The Settlement Administrator must, to the degree necessary and possible, use Social Security numbers to determine mailing addresses for any prospective class member for which BGC does not have a mailing address in its databases. The Settlement Administrator must electronically check and update the mailing addresses against the USPS National Change of Address database. The Settlement Administrator must not use any part of the class list for any purpose other than carrying out its duties under this Settlement Agreement. The Settlement Administrator must not disclose any part of the class list other than as necessary to carry out its duties under this Settlement Agreement. To the extent Settlement Class Counsel receives information from the class list that personally identifies class members, that information will be subject to the Protective Order entered in this Litigation. The Settlement Administrator must destroy the class list within 280 days after the Effective Date.

**Section 5.3    Preparation for Notice Process**

After the Settlement Administrator provides notices to Settlement Class Members as described in Section 5.4, each Settlement Class Member will have the opportunity to obtain a copy of the Historical Reports under Section 5.7. The Parties anticipate that the volume of requests for Historical Reports will greatly exceed prior demand for file disclosure from BGC; therefore, BGC's existing methods of providing file disclosure will be inadequate for providing Historical Reports. At its expense, BGC shall develop a feature on its website that provides electronic access to each Historical Report when a Settlement Class Member enters his or her ID Code for

that Historical Report (the "**Historical Report Portal**"). BGC may add (a) a feature that requires a Settlement Class Member to select his or her first name and last name from among other names, (b) a CAPTCHA feature, or (c) another feature approved by Settlement Class Counsel or the Court that is designed to hamper automated attempts to access to the Historical Report Portal. BGC may require each Settlement Class Member to provide an email address and select a password for later access to his or her Historical Reports and for later obtaining access to a Current Report under Section 8.2. BGC shall design the Historical Report Portal to provide Historical Reports immediately. BGC shall inform the Court, Settlement Class Counsel, and the Settlement Administrator of the date on which it has developed and tested the Historical Report Portal (the "**Historical Report Portal Opening**"). BGC shall target the Historical Report Portal Opening occurring promptly after Preliminary Approval .

## Section 5.4   Notice Process

For purposes of providing Court-approved class notices and establishing that the Parties have given the best practicable notice, the Settlement Administrator must provide class notice as follows.

### Subsection 5.4.1      Mail Notice

The Settlement Administrator must send Mail Notice by standard U.S. mail, postage prepaid, to each Settlement Class Member identified on the class list within the earlier of (a) 40 days after Preliminary Approval or (b) June 1, 2015, but in the event that the Historical Report Portal is not open by the Notice Date, the parties will advise the Court of the delay. The Mail Notice must contain the following categories information: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion;

and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). The Mail Notice must also contain information about the Settlement Website (described in Subsection 5.4.2 of this Settlement Agreement) and the telephone assistance program (described in Subsection 5.4.3 of this Settlement Agreement). The Mail Notice must also contain information about the Claim Form, including the condition for Settlement Class Members to return the Claim Form to be eligible to receive a payment from the Settlement Fund. The Mail Notice must also contain the ID Codes for each Settlement Class Member. For any Mail Notice returned to the Settlement Administrator with a forwarding address within 30 days after the date that the Settlement Administrator first mailed the Mail Notices (that date being the "**Notice Date**"), the Settlement Administrator must re-mail the Mail Notice to the provided forwarding address within 5 days of receiving any such returned Mail Notice, if the Settlement Administrator's determines (in its reasonable discretion) that re-mailed notice would be effective or if the Parties jointly request. Not later than 10 days before the Final Fairness Hearing, the Settlement Administrator must file proof of the mailing of the Mail Notices with the Court. Neither the Parties nor the Settlement Administrator must have any further obligation to send notice to Settlement Class Members.

### Subsection 5.4.2    Internet Notice

The Settlement Administrator must establish an internet website for purposes of facilitating notice to, and communicating with, Settlement Class Members (the "**Settlement Website**"). The Settlement Administrator must make the Settlement Website accessible no later than three business days before the Notice Date. The Settlement Administrator must set forth the following information on the Settlement Website: (i) the full text of the Settlement Agreement; (ii) the Long-Form Notice; (iii) the Claim Form, in PDF format; (iv) the Preliminary Approval Order and other relevant orders of the Court; (v) other documents from the Litigation that the Parties

jointly determine to be appropriate; (vi) a mutually agreed section of frequently asked questions; and (vii) contact information for Settlement Class Counsel and the Settlement Administrator. The Settlement Website must also provide a mechanism for any Settlement Class Member to provide an e-mail address to the Settlement Administrator for further communications, including receipt of the Approval Notice, whether or not that Settlement Class Member also submits a Claim Form or a Limited Claim Reservation Form. The Settlement Administrator must require each Settlement Class Member providing an e-mail address to also provide his or her (i) name, (ii) date of birth, (iii) last four digits of their Social Security Number, and (iv) e-mail address. The Settlement Administrator must not include any other language on the Settlement Website in addition to the above-listed documents, except with written approval of the Parties. Not later than 10 days before the Final Fairness Hearing, the Settlement Administrator must file proof of the establishment and maintenance of the Settlement Website with the Court. Approximately 180 days after the Effective Date, the Settlement Administrator must remove all information from the Settlement Website other than the Settlement Agreement and the Final Approval Order. The Settlement Administrator must disestablish the Settlement Website approximately two years after the Effective Date. If the Settlement Administrator established the Settlement Website with a top-level domain name, the Settlement Administrator must transfer ownership of the domain name to BGC promptly after disestablishing the Settlement Website.

### Subsection 5.4.3      Telephone Assistance Program

The Settlement Administrator must establish and staff a toll-free telephone number to answer questions from Settlement Class Members. The Settlement Administrator must activate the toll-free number no later than 3 business days before the Notice Date. Through the toll-free number, the Settlement Administrator must provide access to live support during the hours of 8:00 am through 6:00 pm eastern time, Monday through Friday (excluding federal holidays) and

a voice response unit ("**VRU**") outside of those hours. If a Settlement Class Member requests his or her ID Code, the Settlement Administrator must provide the ID Code, but only after obtaining reasonable proof of identity that satisfies a consumer reporting agency's condition on disclosing a consumer's file to the consumer under the FCRA. The Settlement Administrator must provide these services in English and include a VRU option for callers who speak Spanish. Not later than 10 days before the Final Fairness Hearing, the Settlement Administrator must file proof of the establishment and maintenance of the Telephone Assistance Program with the Court. The Settlement Administrator must deactivate the toll-free number within 180 days after the Effective Date.

## Section 5.5   Expenses of Notice and Administration

### Subsection 5.5.1   Invoices Required

The Settlement Administrator must invoice all notice, claim, and other administration costs, excluding the costs associated with BGC's creation of the class list under Section 5.1 and the CAFA Notice under Section 5.6.

### Subsection 5.5.2   Amount of Charges

The Settlement Administrator may charge the amounts set out in the agreement by which Settlement Class Counsel hires the Settlement Administrator. Within 35 business days after the Effective Date, the Settlement Administrator must provide to the Settlement Class Counsel a detailed statement of the amounts, if any, that it will invoice after the Effective Date. The Settlement Administrator's charges after the Effective Date must not exceed the total amount of that statement. Subject to approval of Settlement Class Counsel, the Settlement Administrator may retain this amount from the Settlement Fund to pay for such costs. If approved by the Parties, the Settlement Administrator may pay to itself an additional amount equal to additional expenses that the Settlement Administrator reasonably incurs and did not originally contemplate

in the statement, but only to the extent that (a) the additional expenses, together with the expenses originally contemplated in the statement and actually expended, exceed the total amount contemplated in the statement and (b) amounts remain in the Settlement Fund after the completion of all distributions other than those contemplated in Subsection 10.4.7. Settlement Class Counsel shall bring any disputes relating to this Subsection 5.5.2 to the Court for resolution. The Parties and the Settlement Class Members request and consent that the Court refer any such disputes to a Magistrate Judge.

### Subsection 5.5.3        Expenses are Paid from Settlement Fund

No expenses associated with notice, claims, and other administration costs (other than Additional Costs) will increase the amount paid by BGC as part of settling the Litigation or of this Settlement Agreement under any circumstances. All payments will come from the Settlement Fund.

### Subsection 5.5.4        Reserve for Expenses

The Settlement Administrator must reserve for all payments to itself from the Settlement Fund before calculating the net settlement payments to Settlement Class Members.

### Section 5.6      Notice Under Class Action Fairness Act of 2005

BGC shall at its own expense send the notice required by 28 U.S.C. § 1715 (the "**CAFA Notice**") not later than 10 days after the Parties file this Settlement Agreement with the Court.

### Section 5.7      Free Historical Reports

During the period of 60 days following the Notice Date, BGC shall provide each Settlement Class Member with his or her Historical Reports through the Historical Reports Portal if the Settlement Class Member enters the ID Code into BGC's Historical Reports Portal. The ID Code is sufficient proof of the Settlement Class Member's identity. BGC shall provide the name of the end-user to whom BGC's records show the Historical Report was furnished (either in each

Historical Report or, if BGC determines it is more technically feasible, in a column in an "inbox" for the Settlement Class Member). In addition, for Settlement Class Members who contact the Settlement Administrator by telephone for an alternate means to request and receive the Historical Reports, the Settlement Administrator must use the Historical Report Portal on the Settlement Class Members' behalf to obtain access to the Historical Reports, print them, and mail them to the Settlement Class Members.

## ARTICLE 6   PROCEDURES FOR OPT-OUTS AND OBJECTIONS

### Section 6.1     Opt-Out Procedures for Settlement Class Members

#### Subsection 6.1.1       Opt-Out Process

The Mail Notice and Long-Form Notice must contain information about how a Settlement Class Member may opt out of the Settlement Agreement, including the potential implications of doing so. A proposed Settlement Class Member may request to be excluded from the class of Settlement Class Members by sending and not revoking a written request for exclusion to the Settlement Administrator, addressed to "Exclusion Requests – *Thomas* Settlement Administrator." To be valid, the proposed Settlement Class Member's opt-out request must contain the proposed Settlement Class Member's name, original signature, current postal address, and current telephone number, the last four digits of the proposed Settlement Class Member's Social Security number, and a statement that the proposed Settlement Class Member wants to be excluded from the class of Settlement Class Members. To be valid, opt-out requests must be postmarked no later than 45 days after the Notice Date. To be valid, a request must not purport to opt out of the class of the Settlement Class Members for a group, aggregate, or class involving more than one consumer. Requests for exclusions that do not comply with the requirements in this Section 6.1 are invalid. A Settlement Class Member may revoke an opt-out

request in writing. To be valid, opt-out revocations must be postmarked no later than 45 days after the Notice Date.

### Subsection 6.1.2       List of Opt-Outs

No later than five business days after the deadline for submission of opt-out requests, the Settlement Administrator must provide to Settlement Class Counsel and Defendant's Counsel a complete list of all persons who have validly opted out of the class of Settlement Class Members together with copies of the opt-out requests. Settlement Class Counsel and Defendant's Counsel shall not disclose or use the list except for the purpose of carrying out their responsibilities under this Settlement Agreement.

### Subsection 6.1.3       Representation of Opt-Outs

Settlement Class Counsel affirm that this Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members. Settlement Class Counsel shall, if contacted, not represent any such opt-outs but shall refer any such opt-outs to the applicable local or state bar association (or, if the local or state bar does not operate a referral service, a local or state legal aid group) for appropriate counsel in any subsequent litigation against any Released Party.

## Section 6.2     Reservation of Individual, Actual-Damages Claims

### Subsection 6.2.1       Process to Reserve Limited Claim

The Mail Notice and Long-Form Notice must contain information about how a Settlement Class Member may remain a Settlement Class Member, receive non-monetary relief as described in Article 7 and Article 8, decline payment from the Settlement Fund, and reserve his or her right to pursue individual claim for actual damages under FCRA § 607(b) [15 U.S.C. § 1681e(b)] or FCRA § 611(a) [15 U.S.C. § 1681i(a)] (or both), excluding any claim for statutory damages, punitive damages, or any other type or category of damages but actual damages, and excluding

pursuit of that claim on a mass, class, joint, or any other basis but individual (a "**Reserved Limited Claim**").

### Subsection 6.2.2        Timely Reservation Form Required

To decline payment from the Settlement Fund and preserve a Reserved Limited Claim, a Settlement Class Member must submit a Limited Claim Reservation Form, completed in accordance with this Settlement Agreement and the instructions on the Limited Claim Reservation Form, and not revoke the Limited Claim Reservation Form. To be valid, Limited Claim Reservation Forms must be postmarked no later than 45 days after the Notice Date. To be valid, a Limited Claim Reservation Form must not purport to be for a group, aggregate, or class involving more than one consumer. For a Settlement Class Member's Limited Claim Reservation Form to be valid, the Settlement Class Member must not also submit a Claim Form (whether before, with, or after Limited Claim Reservation Form). Attempts to preserve any claims that do not comply with the requirements in this Section 6.2 are invalid. A Settlement Class Member may revoke a Limited Claim Reservation Form in writing.

### Subsection 6.2.3        Reservation Form Contents

The Limited Claim Reservation Form must be a written form substantially similar to that attached hereto as Exhibit E:

(a)  conspicuously declining payment from the Settlement Fund;

(b)  reserving the right to bring a Reserved Limited Claim and acknowledging the potential implications of doing so (including that he or she may need to retain his or her own attorney, file a complaint in the appropriate court within the time provided by applicable statutes of limitations, and make the applicable evidentiary showing subject to the governing burdens of proof before receiving any recovery with respect to his or her claim);

(c)  affirming that the Settlement Class Member has not also submitted a Claim Form;

(d)  requiring the Settlement Class Member to provide the Settlement Class Member's name, current postal address, current telephone number, date of birth, and last four digits of the Social Security number or Alien Registration number;

(e)  requesting the Settlement Class Member's current e-mail address; and

(f)  requiring the Settlement Class Member to sign the Limited Claim Reservation Form.

### Subsection 6.2.4   Effect of Submitting Reservation Form

If a Settlement Class Member timely submits and does not timely revoke a valid Limited Claim Reservation Form, then:

(a)  the Settlement Administrator must not make a Stated Injury Payment or Substantiated Member Payment to that Settlement Class Member; and

(b)  the releases contained in Section 11.1 do not apply to the Reserved Limited Claim.

### Subsection 6.2.5   List of Reserved Actual Damages Claims

Each week, the Settlement Administrator must provide to Settlement Class Counsel and Defendant's Counsel a complete list of all persons who have submitted a Limited Claim Reservation Form, together with copies of those forms. No later than two business day after the Effective Date, the Settlement Administrator must provide to Settlement Class Counsel and Defendant's Counsel a complete and final list of all Settlement Class Members who have properly preserved a Reserved Limited Claim.

### Section 6.3   Objections from Settlement Class Members

Any Settlement Class Member who does not opt out, but who instead wants to object to the Settlement Agreement or any other matters described in the Long-Form Notice may do so only as follows.

### Subsection 6.3.1        Notice of Intent to Object

To be effective, an objection must be made by an individual Settlement Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity. For an objection to be effective, a notice of intent to object to the Settlement must be (a) filed with the Clerk of the Court not later than 45 days after the Notice Date; (b) in compliance with all applicable Virginia and federal laws and rules; and (c) sent to Settlement Class Counsel and Defendant's Counsel by U.S. mail, postmarked no later than 45 days after the Notice Date.

### Subsection 6.3.2        Contents of Objection

To be effective, an objection must contain: (a) the objecting Settlement Class Member's name, address, and telephone number; (b) the name of this Litigation and the case number; (c) a statement of each objection; and (d) a written brief detailing the specific basis for each objection, including any legal and factual support that the objecting Settlement Class Member wishes to bring to the Court's attention and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection.

### Subsection 6.3.3        Additional Contents for Represented Members

To be effective, an objection submitted through an attorney must contain, in addition to the information set forth in Subsection 6.3.2: (a) the identity and number of the Settlement Class Members represented by objector's counsel; (b) the number of such represented Settlement Class Members who have opted out of the Class; and (c) the number of such represented Settlement Class Members who have remained in the Settlement Class and have not objected.

**Subsection 6.3.4      Objectors' Counsel Fees**

If an objector's counsel will ask to be awarded attorneys' fees from a source other than his or her client, that counsel must file with the Court and serve on Settlement Class Counsel and Defendant's Counsel, in addition to the documents described in Subsection 6.3.2 and Subsection 6.3.3, not later than 20 days before the Final Fairness Hearing, a document containing the following information: (a) a description of the attorney's legal background and prior experience in connection with class action litigation, including all the previous cases in which the attorney has represented an objector to a class action settlement; (b) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (c) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (d) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (e) the attorney's hourly rate.

**Section 6.4      Plaintiff Must Participate**

Plaintiff shall not attempt to opt out of, or object to, this Settlement Agreement or anything it contemplates.

## ARTICLE 7   PROCEDURE CHANGES

**Section 7.1      Process Changes**

The Litigation includes allegations that BGC failed, either negligently or willfully, to maintain procedures that complied with FCRA § 607(b) [15 U.S.C. § 1681e(b)] and FCRA § 613(a)(2) [15 U.S.C. § 1681k(a)(2)] to ensure that reports had maximum possible accuracy and that the reported information was complete and up-to-date. The Plaintiff, the Settlement Class Counsel, and the Settlement Class Members acknowledge that the following process changes are substantial in nature and are consideration in addition to the other benefits that this Settlement Agreement contemplates. The fact that BGC has made or agreed to make changes in these

processes is not evidence that these processes violated applicable law. BGC shall not reverse these changes except to the extent permitted under Section 7.2.

(a)   At the time of the Plaintiff's report, BGC's web site had a feature under which it did not send a notice under FCRA § 613(a)(1) [15 U.S.C. § 1681k(a)(1)] when the user viewed a criminal record from BGC's criminal history database and affirmed that either (1) the records found did not match the consumer (for example, when a photograph did not match) or (2) the records would not result in an adverse effect on the consumer's ability to obtain employment. BGC has removed this feature, so that BGC now attempts to send such notice regardless of the user's statement when FCRA § 613(a) [15 U.S.C. § 1681k(a)] requires.

(b)   At the time of the Plaintiff's report, BGC's web site allowed an employment-purposes end-user to select criminal records for which BGC had no date of birth to be included in the report if the record had at least some address information, a photograph, or both to be used for matching the record to the consumer. BGC has changed this process, so that BGC will remove records with no date of birth from this record-selection process.

(c)   At the time of the Plaintiff's report, BGC's web site allowed an employment-purposes end-user to select criminal records for which BGC had a partial date of birth to be included in the report. BGC has changed this process, so that BGC will remove records with partial dates of birth from this record-selection process unless the client positively requests records with partial dates of birth and the record has at least some address information, a photograph, or both.

(d)   BGC has enhanced its web site to include, in any employment-purposes report to an end-user that includes a criminal record from its criminal database for which only a partial date of birth is available, a statement to the effect that BGC matched the record based on a partial

date of birth. Nothing in this Settlement Agreement prohibits BGC from adding additional statements about matching criteria, including a statement to the effect that BGC is displaying the record based on additional matching identifiers, such as the end-user's confirmation that a photograph matches the subject of the report.

(e)  BGC shall enhance its web site to more strictly prevent criminal records from appearing in employment-purposes end-user reports that do not include all of the following: offense, disposition (which may include that the criminal case is pending), and disposition date (unless the criminal case is pending). BGC will complete this feature no later than June 30, 2015.

(f)  BGC shall enhance its web site to attempt to identify recent criminal records indicating that the subject of the record is currently incarcerated, and to exclude the identified criminal records for reports where the client indicates that work state will be a state other than the state of incarceration. BGC will complete this feature no later than June 30, 2015.

(g)  BGC shall enhance its web site to allow a person procuring a report for resale to apply to the report the same matching and filtering logic that BGC applies to its own end-user reports. This paragraph applies only to a report if (1) BGC sells the report to someone who states that it will resell the report, (2) the report is a consumer report, and (3) the report is for employment purposes. BGC will complete this feature no later than June 30, 2015.

(h)  BGC shall enhance its web site (1) to require that a reseller indicate whether the reseller will assure a report's compliance with FCRA § 613(a) [15 U.S.C. § 1681k(a)] through compliance with FCRA § 613(a)(1) [15 U.S.C. § 1681k(a)(1)], through compliance with FCRA § 613(a)(2) [15 U.S.C. § 1681k(a)(2)], or through compliance with both, and (2) if compliance is through FCRA § 613(a)(1) [15 U.S.C. § 1681k(a)(1)] only, to apply to the

report the same matching and filtering logic that BGC would apply to its own end-user reports. This paragraph applies only to a report if (1) BGC sells the report to someone who states that it will resell the report or use the report to prepare its own report, (2) the report is a consumer report, (3) the report is for employment purposes, and (4) the reseller states that either (i) that it is a consumer reporting agency for the report that it resells or that it prepares based on BGC's report or (ii) that it will resell BGC's report to someone who is a consumer reporting agency for the report that it resells or that it prepares based on BGC's report. BGC will complete this feature no later than July 31, 2015.

**Section 7.2      Modification of Procedures**

**Subsection 7.2.1      Changes Generally**

If BGC concludes in good faith that modification or replacement of these enhancements would not significantly diminish the overall protections intended to be accorded to consumers, it will provide advance written notice of any proposed change to Settlement Class Counsel and to Community Legal Services, Inc. ("**CLS**") as the agent for the Settlement Class. If CLS, acting in good faith, believes that the proposed changes would significantly diminish the overall protections to be accorded to consumers, it will provide written notice of its objections within 15 days of BGC's notice. Thereafter, BGC may only implement the proposed change upon resolution of a petition to the Court (which the Parties and the Settlement Class Members request and consent that Court refer to a Magistrate Judge), which will resolve the dispute by determining whether the modification or replacement would significantly diminish the overall protections intended to be accorded to consumers.

**Subsection 7.2.2      Changes in Law**

If BGC believes that changes in federal or state law, including a definitive judicial or agency interpretation, substantively alter its obligations underlying the foregoing procedures in a manner

that makes a modification to any of the foregoing procedures appropriate, BGC will provide advance written notice of any proposed change in practice to Settlement Class Counsel and CLS. If CLS, acting in good faith, disagrees that the proposed change is consistent with changes to law, it will within 30 days provide BGC with written notice of any objections to the proposed change in practices. Thereafter, BGC may only implement the proposed change in practice upon resolution of a petition to the Court (which the Parties and the Settlement Class Members request and consent that Court refer to a Magistrate Judge), which will resolve the dispute by determining whether a change in law substantively alters its obligations underlying the practice changes. (For the purpose of this provision, a definitive judicial interpretation includes a decision by the United States Supreme Court, a Federal Court of Appeals, or a state's highest appellate court; a definitive agency interpretation includes a regulation or written guidance by the Consumer Financial Protection Bureau or Federal Trade Commission).

## ARTICLE 8   OTHER NON-MONETARY RELIEF

### Section 8.1      Free Historical Report

Plaintiff and Settlement Class Counsel acknowledge that the opportunity to obtain Historical Reports through the Historical Reports Portal under Section 5.7 is additional non-monetary relief.

### Section 8.2      Free Current Report

After the Effective Date, BGC shall provide to each Settlement Class Member the opportunity to receive a copy of a current consumer report about that Settlement Class Member with the form and content of a report that BGC would provide in its US OneSEARCH to an employment-purpose end-user (a "**Current Report**"). In preparing the Current Reports, BGC may ignore the effect of FCRA § 605(a) [15 U.S.C. § 1681c(a)] or any FCRA State Equivalent. By requesting a Current Report, a Settlement Class Member (a) waives any claim that the Current Report violates

FCRA § 605(a) [15 U.S.C. § 1681c(a)] or any FCRA State Equivalent; (b) agrees that the Current Report is not part of BGC's file about the Settlement Class Member that BGC must disclose in response to any future file disclosure requests; and (c) agrees that the Current Report is not a consumer report or the equivalent under the FCRA or any FCRA State Equivalent. The Current Report is in addition to any other right of the Settlement Class Member to a consumer report or file disclosure otherwise provided under the FCRA.

### Subsection 8.2.1        Current Report Portal

The Parties anticipate that the volume of requests for Current Reports will greatly exceed prior demand for file disclosure from BGC; therefore, BGC's existing methods of providing file disclosure will be inadequate for providing Current Reports. At its expense, BGC shall develop a feature on its website that provides electronic access to the Current Reports when a Settlement Class Member enters his or her ID Code or re-uses an email address and password used to access a Historical Report (the "**Current Report Portal**"). BGC may add (a) a feature that requires a Settlement Class Member to select his or her first name and last name from among other names, (b) a CAPTCHA feature, or (c) another feature approved by Settlement Class Counsel or the Court that is designed to hamper automated attempts to access the Current Report Portal. BGC shall design the Current Report Portal to provide a Current Report immediately if the Current Report has no records. BGC shall inform the Court, Settlement Class Counsel, and the Settlement Administrator of the date on which it has developed and tested the Current Report Portal (the "**Current Report Portal Opening**"). BGC shall use reasonable efforts to open the Current Report Portal by the Effective Date.  In addition, for Settlement Class Members who contact the Settlement Administrator by telephone for an alternate means to request and receive the Current Reports, the Settlement Administrator must use the Current Report Portal on the

Settlement Class Members' behalf to obtain access to the Current Reports, print them, and mail them to the Settlement Class Members.

### Subsection 8.2.2        Notification of Approval and Availability of Current Reports

Beginning within ten days after the Effective Date, the Settlement Administrator must send the Approval Notice by electronic mail to each Settlement Class Member for whom the Settlement Administrator obtained an electronic mailing address under Section 5.1, Subsection 6.2.3, or Subsection 10.3.2. The Settlement Administrator must send 1,000 such notices within ten days of the Effective Date and inform BGC of the date on which they were sent. Based on the number of people who order a Current Report, BGC shall then provide the Settlement Administrator with a reasonable schedule that allows BGC to reasonably manage the flow of orders for Current Reports.  If a dispute arises between Settlement Class Counsel and BGC regarding that proposed schedule, it will be promptly presented to the Magistrate Judge for resolution.

### Subsection 8.2.3        Ordering of Current Reports

Settlement Class Members may order Current Reports within the 180 day period after the later of (a) the Effective Date or (b) completion of the process changes described in Section 7.1 of this Settlement Agreement or (c) the Current Report Portal Opening or (d) all notices being sent under Subsection 8.2.2. Any Settlement Class Member desiring a current report will be able to order it from BGC's website using his or her ID Code.

### Subsection 8.2.4        Provision of Current Reports

BGC shall provide each Current Report reasonably promptly after each Settlement Class Member orders it. For Current Reports that find criminal history records, BGC may, at its option, do any or all of the following before providing a Current Report that would otherwise have criminal records in it: (a) review the Current Report manually; (b) validate any or all of those criminal records with public records sources; and (c) make changes to the data in its database

that it would report in a US OneSEARCH report to an employment-purposes end-user such that the Current Report changes before BGC provides it (in which case, BGC shall also take reasonable steps to prevent those criminal records from appearing in future such reports). BGC shall use reasonable efforts to provide all Current Reports within 30 days of the date on which the Settlement Class Member ordered the Current Report. But BGC may reasonably delay the provision of Current Reports that are not immediately free of criminal records in order to manage the flow of orders for Current Reports.

### Subsection 8.2.5        Dispute of Current Reports

A Settlement Class Member may dispute that a Current Report is inaccurate, incomplete, or not up-to-date directly with BGC's consumer relations department. BGC shall create a dedicated toll-free telephone number, toll-free fax number, e-mail address, and Post Office Box address for receipt of disputes from Settlement Class Members. BGC shall provide the Settlement Class Members with that dedicated contact information and a specific form to expedite their disputes at approximately the same time as it provides each Current Report. The expedited dispute form must inform Settlement Class Members that Settlement Class Counsel is available to assist Settlement Class Members in making a dispute, but that Settlement Class Members are not required to contact Settlement Class Counsel to make a dispute. BGC may include a checkbox on the form authorizing BGC to release information about the dispute to Settlement Class Counsel. For Settlement Class Members that use the form that BGC provides to expedite their disputes, BGC shall target average completion within ten business days and 99% completion within fifteen business days (measured from the date that BGC receives all information reasonably needed to start the dispute). BGC shall not limit the time period during which a Settlement Class Member may dispute his or her Current Report. Upon completion of any such reinvestigation that results in a change to the information in the Current Report, BGC shall provide the

Settlement Class Member with a replacement Current Report. Within 180 days after the Effective Date, BGC shall provide to Settlement Class Counsel a summary report of (a) the time in which BGC completed disputes for which it received the expedited dispute form through the date that is 135 days after the Effective Date and (b) the percent of such disputes in which BGC made any change to the information in the Current Report as a result of the dispute. Settlement Class Counsel shall not use that summary report except by analyzing it to determine whether BGC has fairly fulfilled its obligations under this Settlement Agreement and by seeking a remedy from the Court if BGC has not. Settlement Class Counsel shall not disclose the summary report to anyone except by filing the summary report under seal with the Court. In particular, Settlement Class Counsel shall not use, disclose, or introduce into evidence the summary report in connection with any other litigation, negotiation, mediation, arbitration, or other proceeding.

## ARTICLE 9   FINAL FAIRNESS HEARING AND FINAL APPROVAL

### Section 9.1     Final Fairness Hearing

The Parties shall jointly request that the Court hold a hearing to consider approving this Settlement Agreement (the "**Final Fairness Hearing**") as provided for in this Subsection 8.2.4 at least 120 days after Preliminary Approval, at least 90 days after the mailing of CAFA Notice under Section 5.6 of this Settlement Agreement, and to allow at least 7 days after Settlement Class Counsel's responses to any objections. No later than 7 days before the Final Fairness Hearing, Settlement Class Counsel shall file a motion for entry of a final judgment unconditionally approving the Settlement Agreement and dismissing the Litigation with prejudice (the "**Final Approval Order**") in substantially the form attached hereto as Exhibit G.

### Section 9.2     Final Approval

All relief contemplated by this Settlement Agreement is contingent upon the Court's entry of the Final Approval Order on its docket in substantially the form attached hereto as Exhibit G, with

such modification as to which the Parties consent either in writing or on the record of the Court (the "**Final Approval**").

## Section 9.3    Effectiveness

Portions of this Settlement Agreement come into effect on the Effective Date. The "**Effective Date**" means the date on which the last of the following occurs: (i) the expiration of 33 days after entry of the Final Approval Order; (ii) if the 33rd day after entry of the Final Approval Order falls on a weekend or a Court holiday, the next business day after that 33rd day; (iii) such date to which the time to file a motion to alter or amend the Final Approval Order or to take an appeal has been extended by the Court or otherwise; and, (iv) if such motion to alter or amend is filed, or if an appeal is taken, three business days after a determination of any such motion or appeal, with no possibility of further appellate review, resulting in final judicial approval of this Settlement Agreement that permits the consummation of the settlement in accordance with the terms and conditions contained within this Settlement Agreement. For purposes of this definition, the term "appeal" includes writ proceedings.

## ARTICLE 10 PAYMENTS

## Section 10.1   Attorneys' Fees

### Subsection 10.1.1     Request for Attorneys' Fees

No fewer than 10 days before the deadline for objections and opt-out requests, Settlement Class Counsel shall file a request to the Court for reimbursement from the Settlement Fund of attorney's fees (including expert witness fees, court costs, and any other expenses) incurred in connection with the Litigation (the "**Attorneys' Fees**"). Settlement Class Counsel shall not request more than 30% of the total Settlement Fund not to include costs of notice and administration. BGC does not and shall not oppose such a request, and agrees that the amount awarded by the Court may be paid from the Settlement Fund. To the extent the Court approves

an award of Attorneys' Fees in an amount less than the above amount, the difference will remain in the Settlement Fund.

### Subsection 10.1.2 Settlement is not Contingent on Attorneys' Fees

This Settlement Agreement is not conditional on the Court's approval of Attorneys' Fees in the requested amount or in any amount whatsoever. The Parties shall request the Court to consider them separately from the fairness, reasonableness, and adequacy of the Settlement Agreement. The Court's ruling on the request will not terminate or cancel the Settlement Agreement or give the Plaintiff or Settlement Class Counsel a right or option to do so.

### Subsection 10.1.3 Payment of Attorneys' Fees

Out of the Settlement Fund, the Settlement Administrator must pay Attorneys' Fees within 30 days after the Effective Date in an amount that the Court approves.

## Section 10.2 Individual Service Award to the Plaintiff

### Subsection 10.2.1 Application for Individual Service Award

No fewer than 10 days before the Final Fairness Hearing, Settlement Class Counsel shall apply to the Court for an individual service award, not to exceed $5,000, to be paid to Plaintiff Kelvin Thomas in recognition of his service as class representative. BGC does not and shall not oppose such an application. To the extent the Court approves an individual service award in amounts less than the amount requested, any difference will remain in the Settlement Fund.

### Subsection 10.2.2 Settlement is not Contingent on Individual Service Award

This Settlement Agreement is not conditional on the Court's approval of an individual service awards in the amount applied for or in any amount whatsoever. The Court's ruling on the application will not terminate or cancel this Settlement Agreement or give the Plaintiff or Settlement Class Counsel a right or option to do so.

### Subsection 10.2.3      Payment of Individual Service Award

Out of the Settlement Fund, the Settlement Administrator must pay the individual service award within 30 days after the Effective Date in an amount that the Court approves.

### Section 10.3   Claims Process

### Subsection 10.3.1      Timely Claim Form Required

To receive a payment from the Settlement Fund, a Settlement Class Member must, during the period starting with the Notice Date and ending 30 days after Final Approval (the "**Claim Deadline**"), submit a Claim Form, completed in accordance with this Settlement Agreement and the instructions on the Claim Form. To the extent requested by the Settlement Administrator, a Settlement Class Member must also provide all required tax forms and other related documents to the Settlement Administrator to receive a payment from the Settlement Fund. To the extent necessary and available in BGC's files, BGC may provide to the Settlement Administrator the Social Security Number of any Settlement Class Member to use in preparing necessary tax or payment forms.

### Subsection 10.3.2      Claim Form Contents

The Claim Form must be a form substantially similar to that attached hereto as Exhibit D requiring the Settlement Class Member to:

(a)   provide the Settlement Class Member's name, current physical mailing address, current electronic mailing address (if any), current telephone number, date of birth, and Social Security number or Alien Registration number;

(b)   revoke any Limited Claim Reservation Forms that the Settlement Class Member previously submitted;

(c)   attest that the Settlement Class Member applied for employment on or before the date when BGC provided a report about the Settlement Class Member to the employer with whom the

Settlement Class Member applied;

(d) either:

    (1) state and attest that the Settlement Class Member suffered reputational injury because of inaccurate, incomplete, or out-of-date information in the report (which, for reference, is necessary to qualify for a Stated Injury Payment defined below); or

    (2) (i) attest that the report furnished by BGC to the employer included information about the Settlement Class Member that was inaccurate, incomplete, or out-of-date and (ii) provide a specific description showing how that information either disparaged the Settlement Class Member or interfered with the Settlement Class Member's employment opportunity (which, for reference, is necessary to qualify for a Substantiated Injury Payment defined below);

(e) either:

    (1) attest that the Settlement Class Member suffered no medical injury and received no medical treatment of any kind or nature as a result of the conduct complained of in the Claim Form; or

    (2) provide a detailed statement of any such medical injury or treatment and state whether such treatment was paid for in whole or in party by either Medicaid or Medicare;

(f) affirm under penalty of perjury that the attestations made and information provided in the Claim Form are true;

(g) agree to be financially responsible if any attestations made or information provided in the Claim Form are false; and

(h) acknowledge that the Settlement Class Member is bound by the release contained in this Settlement Agreement.

**Subsection 10.3.3      Rejection of Forms**

The Settlement Administrator must reject Claim Forms, whether submitted electronically via the Settlement Website or by U.S. mail, that do not meet the requirements set forth in this Settlement Agreement and in the Claim Form instructions. The Settlement Administrator must not make any payment to any Settlement Class Member whose claim the Settlement Administrator rejects, but the Settlement Class Member is, in all other respects, bound by this Settlement Agreement and by the Final Approval Order. If the Settlement Administrator rejects a claim, when communicating the rejection, the Settlement Administrator must inform the Settlement Class Member of his or her right to challenge the Settlement Administrator's rejection of the claim by notifying Class Counsel. Class Counsel may override the Settlement Administrator's rejection of a claim. If Class Counsel does not override the Settlement Administrator's rejection of the Settlement Class Member's claim, Class Counsel shall notify the Settlement Class Member of his or her right, upon request, to have the issue decided by the Court. If the Settlement Class Member advises Class Counsel of his or her desire to the rejection of the claim in Court, Class Counsel shall refer the matter to Magistrate Judge David Novak for the Court's resolution of the dispute.

**Section 10.4   Settlement Class Member Payments**

**Subsection 10.4.1      Payment for Stated Injury**

Subject to Subsection 10.4.5, within 60 days after the Effective Date, the Settlement Administrator must mail a check to each Stated Injury Member (as defined below) in a gross amount equal to the Stated Injury Payment (defined below) in accordance with Subsection 10.4.3. "**Stated Injury Member**" means a Settlement Class Member whose Claim Form the Settlement Administrator has accepted, whose Claim Form made the attestations identified in Subsection 10.3.2(d)(1), and whose Claim Form did not make the attestations identified in

Subsection 10.3.2(d)(2). "**Stated Injury Payment**" means the **greater** of either (a) 100% of the Net Settlement Fund divided by the sum of (i) the number of Stated Injury Members plus (ii) five times the number of Substantiated Injury Members; or (b) the **lesser** of either (i) one third of the Net Settlement Fund divided by the number of Stated Injury Members, or (ii) 100% of the Net Settlement Fund, divided by twice the total number of Settlement Class Members whose Claim Form the Settlement Administrator has accepted. "**Net Settlement Fund**" means the Settlement Fund less all amounts paid or reserved for other amounts to be paid out of the Settlement Fund, including Attorneys' Fees that the Court approves, any individual service award that the Court approves, and costs of notice and administration.

### Subsection 10.4.2        Payment for Substantiated Injury

Subject to Subsection 10.4.5, within 200 days after the Effective Date, the Settlement Administrator must mail a check to each Substantiated Injury Member (as defined below) in a gross amount equal to the Substantiated Injury Payment (defined below) in accordance with Subsection 10.4.3. "**Substantiated Injury Member**" means a Settlement Class Member whose Claim Form the Settlement Administrator has accepted and whose Claim Form made the attestations and provided the information identified in Subsection 10.3.2(d)(2). "**Substantiated Injury Payment**" means the remainder of the Net Settlement Fund after clearing of all checks that Stated Injury Members timely deposited or cashed, with that remainder then divided by the number of Substantiated Injury Members.

### Subsection 10.4.3        Disbursement Specifications

All checks issued to Settlement Class Members must be drawn on the escrow account holding the Settlement Fund. The Settlement Administrator must ensure that all settlement checks state that the cashing, deposit, or other negotiation of the check binds the recipient as follows: "This payment is tendered to you as a class member in *Thomas v. Backgroundchecks.com*, No. 3:13-

cv-00029-REP (E.D. Va.) in consideration for your release of the Released Parties as set forth in the Settlement Agreement and Release." The Settlement Administrator must, if required, send IRS forms 1099 with the checks. The Settlement Administrator must send a written notice with the payment checks, stating that the recipients that the checks must be deposited or cashed within 90 days from the date on the notice and that the checks will not be valid after that date. The Settlement Administrator must ensure that, if a check has not been deposited or cashed within 90 days after the date on that notice, the amount of the check remains in the Settlement Fund for further distribution in accordance with this Settlement Agreement. Amounts that would have been payable on the negotiation of any check not deposited or cashed are not subject to escheat under any state law.

### Subsection 10.4.4 Medicare Reporting

Without limitation on Subsection 10.4.5 below, for any Settlement Class Member who does not file a Limited Claim Reservation Form and does file a Claim Form that lacks an attestation under Subsection 10.3.2(e)(1), the Settlement Administrator must comply with any and all reporting obligations about that Settlement Class Member under 42 U.S.C. § 1395y(b)(8) that might apply to anyone (including liability insurers) contributing to the Settlement Fund. The costs of complying with these obligations are costs of administration that the Settlement Administrator must pay out of the Settlement Fund and shall not be the responsibility of BGC or any liability insurer.

### Subsection 10.4.5 Withholding

For all Settlement Class Members, to the extent that CMS asserts a claim that would affect a Settlement Class Member's payment under this Settlement Agreement, the Settlement Administrator must withhold payment until the earlier of the following:

(a) the Settlement Class Member provides written documentation to the Settlement

Administrator that the CMS either:

(1) holds no interest, including any liens, in the funds being paid to the Settlement Class Member from the Settlement Fund;

(2) expressly releases any and all entities from any liability whatsoever from any interest, including any liens, in the funds being paid to the Settlement Class Member from the Settlement Fund;

(3) agrees any interest, including any liens, in the funds being paid to the Settlement Class Member from the Settlement Fund has been finally and completely satisfied; or

(4) has reached a binding agreement with the Settlement Class Member setting forth in detail a specific dollar amount or percentage of the funds being paid to the Settlement Class Member from the Settlement Fund that the CMS agrees is the maximum amount that it will seek from any and all persons to fully and finally resolve any interest, including any liens, in the funds being paid to the Settlement Class Member from the Settlement Fund; or

(b) until 180 days after the Effective Date.

If the Settlement Class Member so directs or if the claim is not resolved within 180 days after the Effective Date, the Settlement Administrator must pay as much of the Settlement Class Member's payment as the CMS claims to CMS, and pay any remaining amount to the Settlement Class Member. Those payments will fully satisfy the Settlement Class Member's right to payment under this Settlement Agreement. The costs of complying with these obligations are costs of administration that the Settlement Administrator must pay out of the Settlement Fund and shall not be the responsibility of BGC or any liability insurer.

### Subsection 10.4.6     No Medical Payment to Plaintiff

Plaintiff affirms that he did not sustain any bodily injury, emotional harm, or other medical injury or expenses that were previously paid for by Medicaid or Medicare.

### Subsection 10.4.7     Settlement Class Member Indemnification

By submitting a Claim Form, a Settlement Class Member agrees to pay any claim asserted against a Released Party that relates to (a) the failure to satisfy the reporting requirements set forth in 42 U.S.C. § 1395y(b) related to the payment made to that Settlement Class Member under this Settlement Agreement, or (b) the failure to satisfy any obligation to pay amounts owing to the Centers for Medicare and Medicaid Services ("**CMS**") or other governmental entity for any benefits that CMS or other governmental entity provided to that Settlement Class Member.

## Section 10.5   Distribution of Excess Funds; No Reverter

If any excess funds remain in the Settlement Fund after all distributions have been made in accordance with this Settlement Agreement, the Settlement Administrator must distribute the following amounts, in the following order: (i) to CMS amounts equal to any claims that CMS asserts against amounts that the Settlement Administrator erroneously paid to the Settlement Class Member despite Subsection 10.4.5, if any; (ii) to the extent any balance remains, to itself to the extent any reasonable additional fees and costs of administration have accrued as described in Subsection 5.5.2, and (iii) any remaining balance as a *cy pres* donation equally distributed to Goodwill, with the request (but not the condition) that Goodwill use the funds in connection with its programs to assist individuals with criminal records in finding employment. Under no circumstances will any funds revert to BGC. After negotiation of all payments made from the Settlement Fund, Plaintiff's Counsel and Defendant's Counsel shall meet and confer to

determine whether any further distribution is necessary in advance of making the *cy pres* donation described in this Section.

## ARTICLE 11 RELEASE OF CLAIMS

### Section 11.1   Release

Upon the Effective Date, the Releasing Parties acknowledge the full satisfaction of the Released Claims against the Released Parties, and fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims. This Settlement Agreement does not satisfy, settle, release, or discharge General Information Services, Inc. for any liability that arises from information it sold directly to third parties (including resellers other than BGC), which may include information it purchased from BGC. Upon the Effective Date, this Settlement Agreement will bind every Settlement Class Member, even if the Settlement Class Member never received actual notice of the Settlement Agreement before the Final Fairness Hearing and even if the Settlement Class Member never receives payment under this Settlement Agreement. Upon the Effective Date, the Court must dismiss the Released Claims and the Litigation with prejudice as to Plaintiff and the Settlement Class Members.

(a)   "**Released Claims**" means all Claims arising through the date of the order granting preliminary approval:

   (1)   arising or that could have been brought under the FCRA or any FCRA State Equivalent of the FCRA (whether related to accuracy, completeness, currency, obsolescence, privacy, disclosure, authorization, notification, dispute processing, or other requirement);

   (2)   related to, arising from, or in connection with BGC's preparing or furnishing of a consumer report or other information regarding a Plaintiff or a Settlement Class Member; or

(3)  related to, arising from, or in connection with BGC's re-investigation of a consumer report or other information regarding a Plaintiff or a Settlement Class Member; or

(4)  related to, arising from, or in connection with the file for a Plaintiff or a Settlement Class Member maintained by BGC.

(b)  "**Claims**" means all demands, controversies, actions, causes of action, suits, proceedings, adjustments, offsets, judgments, executions, obligations, promises, agreements, contracts, covenants, debts, dues, accounts, reckonings, bonds, bills, specialties, variances, trespasses, damages, sums of money, expenses, liabilities, losses, interest, court costs, attorneys' fees, and witness fees, regardless of whether:

(1)  in law, in admiralty, in equity, or otherwise;

(2)  based on any constitution, statute, regulation, rule, industry standard, common-law right, or judicial interpretation;

(3)  based on federal, state, local, or foreign law;

(4)  asserted orally or in writing or otherwise;

(5)  foreseen or unforeseen;

(6)  matured or unmatured;

(7)  known or unknown;

(8)  accrued or not accrued;

(9)  for none, one, or more of compensatory damages, actual damages, damages stemming from any allegations of willfulness, recklessness, damages for emotional distress, statutory damages, consequential damages, incidental damages, treble damages, multiple damages, punitive damages, or exemplary damages; or

(10) for none, one, or more of equitable, declaratory, or injunctive relief.

(c) "**FCRA State Equivalents**" means any statute or regulation of any state, U.S. territory, the District of Columbia, or Puerto Rico that has the purpose or effect of regulating the collection or reporting of information about individuals.

(d) "**Releasing Parties**" means the Plaintiff on behalf of (and with the intent to bind) the following with respect to the Released Claims:

    (1)  Himself and each Settlement Class Member;

    (2)  the spouse, domestic partner, or other partners of anyone listed in Section 11.1(d)(1), and anyone else who may claim against the Released Parties in a similar capacity;

    (3)  any heir, devisee, assignee, transferee, lien-holder, or other successor of anyone listed in either or both of Section 11.1(d)(1) or Section 11.1(d)(2) and anyone else who may claim against the Released Parties in a similar capacity;

    (4)  any executor, administrator, guardian, or trustee of anyone listed in any one or more of Section 11.1(d)(1) through Section 11.1(d)(3) and anyone else who may claim against the Released Parties in a similar capacity; and

    (5)  anyone (including, but not limited to, attorneys, agents, and representatives) acting or claiming to act on behalf of anyone listed in one or more of Section 11.1(d)(1) through Section 11.1(d)(4), but not including any governmental agency or office.

(e) "**Released Parties**" means the following (regardless of the legal theory by which or capacity in which the person might be asserted to have liability):

    (1)  BGC;

    (2)  any individual, corporation, or firm controlling, controlled by, or under common control with BGC, but only in that capacity;

    (3)  any individual, corporation, or firm controlling, controlled by, or under common control

with BGC (and any governmental agency) that supplied information included in a report for which BGC is released, but only in that capacity;

(4)   anyone that succeeds to the business or operations of anyone listed in one or more of Section 11.1(e)(1) through Section 11.1(e)(3) (for example, in a merger) , but only in that capacity;

(5)   the former, current, and future directors, officers, trustees, shareholders, partners, contractors, agents, representatives, and employees of anyone listed in one or more of Section 11.1(e)(1) through Section 11.1(e)(4) , but only in that capacity;

(6)   any heirs, successors, devisees, executors, and administrators of any individual listed in one or more of parts Section 11.1(e)(2) through Section 11.1(e)(5), but only in that capacity;

(7)   the insurer of anyone listed in one or more of Section 11.1(e)(1) through Section 11.1(e)(6) or any re-insurer of such an insurer, but only in that capacity;

(8)   anyone that succeeds to the business or operations of anyone listed in Section 11.1(e)(7) (for example, in a merger), but only in that capacity;

(9)   any individual, corporation, or firm controlling, controlled by, or under common control with anyone listed in one or both of Section 11.1(e)(7) or Section 11.1(e)(8), but only in that capacity; and

(10) the former, current, and future directors, officers, trustees, shareholders, partners, contractors, agents, representatives, and employees of anyone listed in one or more of Section 11.1(e)(6) through Section 11.1(e)(9), but only in that capacity.

## Section 11.2    Waiver of California Civil Code Section 1542 and South Dakota Codified Laws Section 20-7-11

Plaintiff, for himself and for each Settlement Class Member, acknowledges that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California and Section 20-7-11 of the South Dakota Codified Laws, which provide:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

This Settlement Agreement provides a specific release of the Released Claims, not a general release in the sense contemplated by these laws. To the extent applicable, Plaintiff and the Settlement Class Members hereby waive the provisions, rights, and benefits of Section 1542 of the Civil Code of the State of California and Section 20-7-11 of the South Dakota Codified Laws and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that might apply to the fullest extent permitted by law in connection with all unknown claims. Plaintiff and the Settlement Class Members hereby affirm that this waiver is knowing and voluntary. Plaintiff and the Settlement Class Members hereby acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those that they now know or believe to be true.

## ARTICLE 12 TERMINATION

## Section 12.1   Termination by Either Party

Each Party may terminate this Settlement Agreement and declare it null and void ab initio, if one or more of the conditions for reaching the Effective Date definitively and finally fails, including if any of the following conditions occurs:

(a)  The Court requires a notice process materially different from the notice process set forth in

this Settlement Agreement or as otherwise agreed upon mutually by the Parties in writing; or

(b)  The Court fails to issue a Preliminary Approval Order in accordance with the terms of this Settlement Agreement; or

(c)  The Court fails to enter a Final Approval Order dismissing the Litigation with prejudice and integrating all the terms of this Settlement Agreement;

(d)  The Final Approval Order is appealed and such Final Approval Order is finally reversed or materially modified on appeal;

(e)  The Court materially alters any of the terms of this Settlement Agreement; or

**Section 12.2   Termination by Plaintiff**

Plaintiff or Settlement Class Counsel may terminate this Settlement Agreement and declare it null and void ab initio if (a) the size of the Settlement Class becomes more than one percent larger than 430,000 individuals and (b) BGC does not proportionally increase the amount of the Settlement Fund. If BGC does proportionally increase the amount of the Settlement Fund, then the term "Settlement Fund" thereafter refers to the increased amount.

**Section 12.3   Termination by Defendant**

Defendant or Defendant's Counsel may terminate this Settlement Agreement and declare it null and void ab initio if more than 0.5% of the Settlement Class Members request to opt out under Section 6.1 of this Settlement Agreement.

**Section 12.4   Effect of Termination**

If the Settlement does not become final and effective for any reason, including if any of the conditions described above occurs and any of the Parties properly elects to terminate the Settlement and the Settlement Agreement as a consequence, then:

(a)  None of the terms of the Settlement Agreement will be effective or enforceable and the Settlement and the Settlement Agreement (including without limitation the class

certification provisions thereof) will have no further force and effect;

(b)   The Parties and their counsel shall not offer any of this Settlement Agreement (or any action or document, as Section 2.1 defines those terms) in evidence or otherwise use any of them in the Litigation or any other proceeding for any purpose;

(c)   Any Court orders, filings, or other entries on the Court's file that result from this Settlement shall be automatically set aside, withdrawn, and stricken from the record;

(d)   This Settlement Agreement (and every action and every document, as Section 2.1 defines those terms) will be without prejudice to any Party and is not, and is not to be construed as, an admission (as Section 2.1 defines that term);

(e)   All Parties will automatically revert to their litigation positions as of June 23, 2014 and stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court; and

(f)   The Settlement Administrator must (on written instructions of Defendant's Counsel, without confirmation from Settlement Class Counsel or Court order) return to BGC (and/or its insurers, as directed) the Settlement Fund, less Taxes, Tax Expenses, and notice, claims, and other administration costs (including fees, costs, and other expenses of the Settlement Fund) that have been properly disbursed under this Settlement Agreement.

## ARTICLE 13 PUBLIC STATEMENTS

### Section 13.1   Public Statements Limited

Except as set out below, Settlement Class Counsel shall make no statements, directly or indirectly, to any media source or any social media, or to or through website, or by public communication (conferences, etc.), including but not limited to by press releases, related to the Settlement Agreement or the Litigation from the Preliminary Approval Hearing until 120 days after the Effective Date unless BGC consents to the making of the statement and to the

statement's language. This provision does not prohibit Settlement Class Counsel from posting on Settlement Class Counsel's law firms' professional websites their participation in this case more than sixty days after the Effective Date. This provision does not limit communications of Settlement Class Counsel with any client, Settlement Class Members, or other person directly involved in this case. This provision does not limit any communication made to the Court.

## Section 13.2   Non-Applicability

This Article 13 does not limit private communications of Settlement Class Counsel with any person in his or her capacity as a client, Settlement Class Member, or other person involved in this Litigation.

## ARTICLE 14 MISCELLANEOUS PROVISIONS

## Section 14.1   Admissibility of Settlement Agreement

This Settlement Agreement shall not be offered or be admissible in evidence in any action or proceeding except (i) the hearings necessary to obtain and implement Court approval of this Settlement Agreement; or (ii) any hearing to enforce the terms of this Settlement Agreement or any related order by the Court.

## Section 14.2   Successors and Assigns

The terms of this Settlement Agreement shall apply to and bind the Parties as well as their heirs, successors, and assigns.

## Section 14.3   Communications Relating to Settlement Agreement

All notices or other formal communications under this Settlement Agreement shall be in writing and sent by mail to counsel for the Party to whom the notice is being directed at the following addresses:

If to the Plaintiff                          If to BGC

CONSUMER LITIGATION                          KILPATRICK TOWNSEND &

ASSOCIATES, P.C.                         STOCKTON LLP
Attn: Leonard A. Bennett                 Attn: Cindy D. Hanson
763 J Clyde Morris Boulevard             1100 Peachtree St. NE, Suite 2800
Suite 1A                                 Atlanta, GA 30309
Newport News, VA 23601

Any Party may, by written notice to the other Party, change its designated recipient or notice

address provided above.

## Section 14.4   BGC's Communications with Consumers in the Ordinary Course of Business

BGC reserves the right to continue communicating with its customers and consumers, including

Settlement Class Members, in the ordinary course of business. To the extent that consumers

initiate communications about this Settlement Agreement, BGC may confirm the fact of a

settlement and refer inquiries to the Settlement Administrator. Nothing in this Settlement

Agreement prohibits BGC from communicating with consumers about disputes relating to

consumer reports about them.

## Section 14.5   Efforts to Support Settlement

The Parties and their counsel shall cooperate fully in seeking Court approval for this Settlement

Agreement and to use their reasonable efforts to effect the complete settlement under this

Settlement Agreement and to protect the Settlement Agreement by applying for appropriate

orders enjoining others from initiating or prosecuting any action arising out of or related to facts

or claims alleged in the Litigation, if so required.

## Section 14.6   Procedures for Disputes Between Parties Relating to this Settlement Agreement

To the extent any disputes or issues arise related to documenting or effecting this Settlement

Agreement, the Parties shall use their reasonable efforts to informally resolve any such disputes

or issues, but in the event any such dispute or issue cannot be resolved informally, shall bring

any such dispute or issue to the Court for resolution. The Parties and the Settlement Class

Members request and consent that the Court refer any such dispute or issue to a Magistrate Judge.

### Section 14.7   Entire and Voluntary Agreement

The Parties intend the Settlement Agreement to be a final and complete resolution of the Litigation. The Parties affirm that they negotiated the terms of the Settlement Agreement at arm's length and in good faith and reached these terms voluntarily after consultation with competent legal counsel. This Settlement Agreement contains the entire agreement and understanding concerning the Litigation and its settlement and supersedes all prior negotiations and proposals, whether written or oral. No one has made any promise, representation, or warranty whatsoever not contained in this Settlement Agreement and the other documents referred to in this Settlement Agreement to induce anyone to execute the same. The Parties affirm that they have not executed this instrument or the other documents in reliance on any promise, representation, or warranty not contained in this Settlement Agreement and the other documents referred to in this Settlement Agreement.

### Section 14.8   Headings for Convenience Only

The headings in this Settlement Agreement are for the convenience of the reader only. The Parties do not intend the headings to affect the meaning or interpretation of this Settlement Agreement, so have not exercised care to assure that they fully represent the contents of the parts they introduce.

### Section 14.9   Settlement Agreement Controls

To the extent that there is any conflict between the terms of this Settlement Agreement and the exhibits attached hereto, this Settlement Agreement controls.

### Section 14.10  Amendments

This Settlement Agreement may be amended or modified only by a written instrument (which may include an agreed order) signed by BGC and Settlement Class Counsel, or their respective successors-in-interest.

### Section 14.11  Authorization of Counsel

The Plaintiff hereby authorizes Settlement Class Counsel, on behalf of the Settlement Class Members, to (i) take all appropriate action required or permitted to be taken by the Settlement Class Members as a class under this Settlement Agreement to effectuate its terms and (ii) to enter into any modifications or amendments of this Settlement Agreement on behalf of the Settlement Class Members that they deem necessary or appropriate. Each attorney executing this Settlement Agreement on behalf of any Party hereto hereby affirms that such attorney has the full authority to do so.

### Section 14.12  Confidentiality

All agreements made and Orders entered during the course of the Litigation relating to the confidentiality of information survive this Settlement Agreement.

### Section 14.13  Court's Jurisdiction

The Parties and the Settlement Class Members consent to the Court retaining personal and subject-matter jurisdiction for implementation and enforcement of this Settlement Agreement.

### Section 14.14  Construction

The Parties and their counsel have cooperated in the drafting and preparation of this Settlement Agreement. A court must not construe this Settlement Agreement against either of the Parties on the basis of that Party having drafted any or all of this Settlement Agreement. Before declaring any provision of this Settlement Agreement invalid, a court must first attempt to construe the provision as valid to the fullest extent possible consistent with applicable precedent so as to find

all provisions of this Settlement Agreement valid and enforceable. No court may sever or reform any part of this Settlement Agreement unless the Parties agree to the severability or reform. If a court finds that any part of this Settlement Agreement lacks ascertainable meaning, before receiving or admitting any evidence concerning the meaning of any part of this Settlement Agreement other than the Settlement Agreement itself (such as evidence of a prior course of dealing), a court must expressly identify the vague or ambiguous text to which any such evidence would relate, state how the text is vague or ambiguous, and either (i) in the case of vagueness, instruct the Parties to attempt negotiation of that vagueness before resolving the vagueness itself or (ii) in the case of ambiguity, expressly state how the conflicting interpretations are reasonable based on the of the text in question. The words "**include**," "**includes**," and "**including**," mean (respectively) include without limitation, includes without limitation, and including without limitation.

### Section 14.15  No Claims Arising from this Settlement Agreement

No person will have any Claim against BGC, Defendant's Counsel, the Plaintiff, or Settlement Class Counsel based on distribution of benefits made substantially in accordance with this Settlement Agreement or any Settlement Agreement-related order(s) of the Court.

### Section 14.16  Applicable Law

The laws of the United States of America govern this Settlement Agreement and all claims (in contract, in tort, or otherwise) related to it (including its negotiation, execution, performance, or breach). To the extent state law applies for any reason, the internal laws of the State of Virginia, other than its principles related to conflicts of laws, govern this Settlement Agreement and all claims (in contract, in tort, or otherwise) related to it (including its negotiation, execution, performance, or breach). No Party or Settlement Class Member may start any judicial proceedings related to this Settlement Agreement in any forum other than the Court. Any notice

period set forth in this Settlement Agreement will be calculated under the Federal Rules of Civil Procedure and the Eastern District of Virginia's Civil Local Rules.

## Section 14.17 Counterparts

The Parties may sign this Settlement Agreement or any related document in multiple counterparts, with the same effect as signing the same document. Each counterpart is an original. An image delivered electronically (including by facsimile transmission) is a counterpart. All counterparts together are one instrument. Counsel for the Parties shall exchange among themselves signed counterparts. Settlement Class Counsel shall file a complete set of executed counterparts with the Court.

## Section 14.18 Date

This Settlement Agreement comes into effect when the Parties, Settlement Class Counsel, and Defendant's Counsel have signed it. The date of this Settlement Agreement will be the date that this Settlement Agreement is signed by the last person to sign it (as indicated by the date associated with the person's signature).

Each of the Parties and their counsel is signing this Settlement Agreement on the date stated beside that person's signature.

**The Plaintiff**:

_____        _____
**Kelvin Thomas**                                      Date

**Settlement Class Counsel (as counsel for the Plaintiff and the Settlement Class Members)**:

**Consumer Litigation Associates**


_____        _____
Leonard A. Bennett                                     Date

**Francis & Mailman, P.C.**


_____        _____
James A. Francis                                       Date

**O'Toole, McLaughlin, Dooley & Pecora, Co.**


_____        _____
Anthony R. Pecora                                      Date

**The Law Offices of Dale Wood Pittman, P.C.**


_____        _____
Dale Wood Pittman                                      Date

**Keogh Law Ltd.**


_____        _____
Keith J. Keogh                                         Date

**Community Legal Services, Inc.**


_____        _____
Sharon M. Dietrich                                     Date

**The Defendant**:
**e-backgroundchecks.com, Inc.**

By: _____

        Chris Lemens
        its Executive Vice President

5/12/2015
Date

**Defendant's Counsel**:
**Kilpatrick Townsend & Stockton LLP**

By: _____

        Cindy D. Hanson
        Partner

5/12/2015
Date

**<u>Exhibit A: Form of Preliminary Approval Order</u>**

**<u>Exhibit B: Form of Mail Notice</u>**

## Exhibit C: Form of Long-Form Notice

**<u>Exhibit D: Form of Claim Form</u>**

**<u>Exhibit E: Form of Limited Claim Reservation Form</u>**

## **Exhibit F: Form of Approval Notice**

[Note: The notice must state that the Settlement Class Member must use the previously supplied ID Code to obtain the Current Report.]

## **Exhibit G: Form of Final Approval Order**

[Note: Amounts that would have been payable on the negotiation of any check not deposited or cashed are not subject to escheat under any state law.]

## Table of Contents

This table is not a part of the Settlement Agreement, but is included for the convenience of the reader.

SETTLEMENT AGREEMENT..................................................................................................1
ARTICLE 1    BACKGROUND ...................................................................................1
ARTICLE 2    PARTY POSITIONS.............................................................................2
Section 2.1    Willingness to Settle ..........................................................................2
Section 2.2    Plaintiff's and Settlement Class Counsel's Belief ............................3
Section 2.3    BGC's Denial of Wrongdoing or Liability........................................3
Section 2.4    No Admission by BGC of Elements of Class Certification ..............4
ARTICLE 3    MOTION FOR PRELIMINARY APPROVAL ....................................5
Section 3.1    Filing of Motion for Preliminary Approval.......................................5
Section 3.2    Retention of Settlement Administrator ..............................................6
ARTICLE 4    SETTLEMENT FUND...........................................................................6
Section 4.1    Administration of Settlement Fund ....................................................6
Subsection 4.1.1    Creation of Settlement Fund ......................................................6
Subsection 4.1.2    Capped Fund................................................................................6
Subsection 4.1.3    Creation of Settlement Fund Account ........................................7
Subsection 4.1.4    Deposit of Settlement Fund ........................................................7
Subsection 4.1.5    Control of Settlement Fund .........................................................8
Section 4.2    Settlement Fund Tax Status ...............................................................8
Subsection 4.2.1    Qualified Settlement Fund ..........................................................8
Subsection 4.2.2    Administrator...............................................................................8
Subsection 4.2.3    Payment of Taxes and Tax Expenses ..........................................9
ARTICLE 5    NOTICE PLAN.....................................................................................10
Section 5.1    Preparation and Production of Class List ........................................10
Section 5.2    Use of Class List ..............................................................................11
Section 5.3    Preparation for Notice Process.........................................................11
Section 5.4    Notice Process...................................................................................12
Subsection 5.4.1    Mail Notice ...............................................................................12
Subsection 5.4.2    Internet Notice...........................................................................13
Subsection 5.4.3    Telephone Assistance Program ..................................................14
Section 5.5    Expenses of Notice and Administration ...........................................15
Subsection 5.5.1    Invoices Required ......................................................................15
Subsection 5.5.2    Amount of Charges.....................................................................15
Subsection 5.5.3    Expenses are Paid from Settlement Fund ...................................16
Subsection 5.5.4    Reserve for Expenses .................................................................16
Section 5.6    Notice Under Class Action Fairness Act of 2005 ............................16
Section 5.7    Free Historical Reports .....................................................................16
ARTICLE 6    PROCEDURES FOR OPT-OUTS AND OBJECTIONS ....................17
Section 6.1    Opt-Out Procedures for Settlement Class Members .........................17
Subsection 6.1.1    Opt-Out Process.........................................................................17
Subsection 6.1.2    List of Opt-Outs.........................................................................18
Subsection 6.1.3    Representation of Opt-Outs .......................................................18
Section 6.2    Reservation of Individual, Actual-Damages Claims ........................18
Subsection 6.2.1    Process to Reserve Limited Claim..............................................18
Subsection 6.2.2    Timely Reservation Form Required ...........................................19
Subsection 6.2.3    Reservation Form Contents .......................................................19
Subsection 6.2.4    Effect of Submitting Reservation Form......................................20
Subsection 6.2.5    List of Reserved Actual Damages Claims ..................................20
Section 6.3    Objections from Settlement Class Members .....................................20
Subsection 6.3.1    Notice of Intent to Object ..........................................................21
Subsection 6.3.2    Contents of Objection.................................................................21

Subsection 6.3.3   Additional Contents for Represented Members ..................................21
Subsection 6.3.4   Objectors' Counsel Fees ...............................................................22
Section 6.4   Plaintiff Must Participate ............................................................................22
**ARTICLE 7   PROCEDURE CHANGES** ..............................................................**22**
Section 7.1   Process Changes ......................................................................................22
Section 7.2   Modification of Procedures .......................................................................25
Subsection 7.2.1   Changes Generally .........................................................................25
Subsection 7.2.2   Changes in Law .............................................................................25
**ARTICLE 8   OTHER NON-MONETARY RELIEF** ...........................................**26**
Section 8.1   Free Historical Report ...............................................................................26
Section 8.2   Free Current Report ..................................................................................26
Subsection 8.2.1   Current Report Portal .....................................................................27
Subsection 8.2.2   Notification of Approval and Availability of Current Reports ..........28
Subsection 8.2.3   Ordering of Current Reports ...........................................................28
Subsection 8.2.4   Provision of Current Reports ..........................................................28
Subsection 8.2.5   Dispute of Current Reports .............................................................29
**ARTICLE 9   FINAL FAIRNESS HEARING AND FINAL APPROVAL** ...............**30**
Section 9.1   Final Fairness Hearing ..............................................................................30
Section 9.2   Final Approval ..........................................................................................30
Section 9.3   Effectiveness ............................................................................................31
**ARTICLE 10   PAYMENTS** ....................................................................................**31**
Section 10.1   Attorneys' Fees ......................................................................................31
Subsection 10.1.1   Request for Attorneys' Fees .........................................................31
Subsection 10.1.2   Settlement is not Contingent on Attorneys' Fees ...........................32
Subsection 10.1.3   Payment of Attorneys' Fees ..........................................................32
Section 10.2   Individual Service Award to the Plaintiff ..................................................32
Subsection 10.2.1   Application for Individual Service Award........................................32
Subsection 10.2.2   Settlement is not Contingent on Individual Service Award...............32
Subsection 10.2.3   Payment of Individual Service Award ............................................33
Section 10.3   Claims Process .......................................................................................33
Subsection 10.3.1   Timely Claim Form Required.........................................................33
Subsection 10.3.2   Claim Form Contents ....................................................................33
Subsection 10.3.3   Rejection of Forms .......................................................................35
Section 10.4   Settlement Class Member Payments .......................................................35
Subsection 10.4.1   Payment for Stated Injury .............................................................35
Subsection 10.4.2   Payment for Substantiated Injury ...................................................36
Subsection 10.4.3   Disbursement Specifications ..........................................................36
Subsection 10.4.4   Medicare Reporting .......................................................................37
Subsection 10.4.5   Withholding ..................................................................................37
Subsection 10.4.6   No Medical Payment to Plaintiff ....................................................39
Subsection 10.4.7   Settlement Class Member Indemnification........................................39
Section 10.5   Distribution of Excess Funds; No Reverter ...............................................39
**ARTICLE 11   RELEASE OF CLAIMS** ...................................................................**40**
Section 11.1   Release ...................................................................................................40
Section 11.2   Waiver of California Civil Code Section 1542 and South Dakota Codified Laws Section 20-7-11   44
**ARTICLE 12   TERMINATION** ..............................................................................**44**
Section 12.1   Termination by Either Party .....................................................................44
Section 12.2   Termination by Plaintiff ...........................................................................45
Section 12.3   Termination by Defendant ........................................................................45
Section 12.4   Effect of Termination ...............................................................................45
**ARTICLE 13   PUBLIC STATEMENTS** .................................................................**46**
Section 13.1   Public Statements Limited ........................................................................46
Section 13.2   Non-Applicability ....................................................................................47
**ARTICLE 14   MISCELLANEOUS PROVISIONS** .................................................**47**
Section 14.1   Admissibility of Settlement Agreement .....................................................47

Section 14.2    Successors and Assigns.............................................................................47
Section 14.3    Communications Relating to Settlement Agreement ......................................47
Section 14.4    BGC's Communications with Consumers in the Ordinary Course of Business........48
Section 14.5    Efforts to Support Settlement..................................................................48
Section 14.6    Procedures for Disputes Between Parties Relating to this Settlement Agreement.......48
Section 14.7    Entire and Voluntary Agreement ..............................................................49
Section 14.8    Headings for Convenience Only .............................................................49
Section 14.9    Settlement Agreement Controls ..............................................................49
Section 14.10   Amendments ...................................................................................50
Section 14.11   Authorization of Counsel .....................................................................50
Section 14.12   Confidentiality .................................................................................50
Section 14.13   Court's Jurisdiction ...........................................................................50
Section 14.14   Construction ...................................................................................50
Section 14.15   No Claims Arising from this Settlement Agreement .....................................51
Section 14.16   Applicable Law ................................................................................51
Section 14.17   Counterparts ...................................................................................52
Section 14.18   Date .............................................................................................52
**Exhibit A: Form of Preliminary Approval Order** ........................................................**55**
**Exhibit B: Form of Mail Notice** ..............................................................................**56**
**Exhibit C: Form of Long-Form Notice** .....................................................................**57**
**Exhibit D: Form of Claim Form** ..............................................................................**58**
**Exhibit E: Form of Limited Claim Reservation Form** ...................................................**59**
**Exhibit F: Form of Approval Notice** ........................................................................**60**
**Exhibit G: Form of Final Approval Order** .................................................................**61**
**Table of Contents**...............................................................................................**62**
**Index of Defined Terms**.......................................................................................**64**

## Index of Defined Terms

This index is not a part of the Settlement Agreement, but is included for the convenience of the reader.

Additional Costs............................................ 6
Approval Notice............................................ 5
Attorneys' Fees ........................................... 31
BGC ....................................................... 1
CAFA Notice ............................................. 16
Claim Deadline ........................................... 33
Claim Form ............................................... 5
Claims .................................................... 41
CLS ....................................................... 25
CMS ...................................................... 39
Court ..................................................... 1
Current Report ........................................... 26
Current Report Portal .................................... 27
Current Report Portal Opening ............................ 27
Defendant's Counsel ...................................... 2
Effective Date ............................................ 31
FCRA ..................................................... 1
FCRA State Equivalents .................................. 42

Final Approval ........................................... 31
Final Approval Order ..................................... 30
Final Fairness Hearing .................................... 30
Historical Report Portal .................................. 12
Historical Report Portal Opening.......................... 12
Historical Reports ........................................ 10
ID Code .................................................. 10
include .................................................... 51
includes ................................................... 51
including .................................................. 51
Limited Claim Reservation Form .............. 5
Litigation.................................................. 1
Long-Form Notice ........................................ 5
Mail Notice ............................................... 5
Net Settlement Fund ...................................... 36
Notice Date ............................................... 13
Parties.................................................... 2
Plaintiff .................................................. 1

Preliminary Approval.................................. 5
Released Claims........................................ 40
Released Parties ....................................... 42
Releasing Parties...................................... 42
Reserved Limited Claim ........................... 19
Settlement Administrator ........................... 6
Settlement Class Counsel........................... 3
Settlement Class Members......................... 2
Settlement Fund ........................................ 6

Settlement Website ................................... 13
Stated Injury Member .............................. 35
Stated Injury Payment.............................. 36
Substantiated Injury Member................... 36
Substantiated Injury Payment .................. 36
Tax Expenses ............................................. 9
Taxes .......................................................... 9
VRU ......................................................... 15