*A FEDERAL COURT ORDERED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| KELVIN THOMAS, on behalf of himself and others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>BACKGROUNDCHECKS.COM (in its own name and trading as ebackgroundchecks.com),<br><br>     Defendant. | Civil Action No. 3:13cv029-REP |

## NOTICE OF CLASS ACTION SETTLEMENT

IF E-BACKGROUNDCHECKS.COM, INC. PREPARED A CONSUMER REPORT ABOUT YOU ON OR AFTER JANUARY 11, 2011 AND ON OR BEFORE AUGUST 31, 2014, YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT.

A settlement has been proposed in two class action lawsuits brought under the Fair Credit Reporting Act ("FCRA") against e-backgroundchecks.com, Inc. ("**BGC**" or the "**Defendant**") on behalf of all natural persons residing in the United States, any U.S. territory, the District of Columbia, or Puerto Rico who were the subject of one or more consumer reports that BGC prepared and furnished directly to an end-user for its employment purposes during the period from January 11, 2011 to August 31, 2014, which report or reports contained one or more criminal offense records, where BGC neither (a) sent the person a notice pursuant to the FCRA nor (b) obtained the records from or confirmed the records with a government body after receiving the request for the report and before furnishing the report.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| DO NOTHING | You will remain a Settlement Class Member, be bound by the Settlement, including the release of claims described below, but you will not receive any money.  You may benefit from the changes to Defendant's procedures. |
| FILE A CLAIM FOR A CASH PAYMENT (OPTION ONE) | You can submit a claim for damages resulting from information disclosed in your criminal background report.  Your completed Claim Form must be filed at postmarked on or before August 28, 2015.  If your claim is approved by the Settlement Administrator, and the Court approves the Settlement, you will receive a check from the Settlement Fund.  The amount of the check depends on |

|  | the number of persons who submit valid Claim Forms.  A claim form is attached. Mail it to:<br><br>Thomas v. Backgroundchecks.com Settlement<br>c/o Settlement Administrator<br>P.O. Box 1607<br>Blue Bell, PA  19422 |
|---|---|
| **OR**<br><br>**RESERVE AN ACTUAL DAMAGES CLAIM (OPTION TWO)** | If you want to file a lawsuit on your own and without the assistance of lawyers in this case for your actual damages that you believe are substantial, instead of filing a claim, you can chose to send a reservation of damages form to the Settlement Administrator to reserve your right to sue for actual damages.  You may not submit a claim and still reserve your actual damages. If you elect to submit a completed Limited Claim Reservation Form, a form is attached and must be postmarked on or before July 16, 2015. Mail it to:<br><br>Thomas v. Backgroundchecks.com Settlement<br>c/o Settlement Administrator<br>P.O. Box 1607<br>Blue Bell, PA  19422 |
| **REQUEST YOUR PREVIOUS AND CURRENT BACKGROUND CHECK REPORT** | BGC has also agreed to provide each Settlement Class Member, on request, with (1) each report reflecting the criminal history information provided to an employer (available until July 31, 2015) *and* (2) a copy of the information BGC currently has in its files about the Settlement Class Member's criminal history (available if and when the Court approves the Settlement).  BGC has also agreed to establish an expedited procedure for Settlement Class Members to dispute the information in their current criminal history. |
| **EXCLUDE YOURSELF ENTIRELY** | You can remove yourself from participation in this class action and not receive a benefit from this Settlement.  However, you will retain any right to file a separate lawsuit against the Defendant.  Your request to opt out of the settlement must be postmarked by July 16, 2015. |

You can remain a Settlement Class Member, but write to the Court and explain why you don't think the settlement is fair, reasonable, or adequate.  This is called an objection.  You must file your objection by July 16, 2015.

## BASIC INFORMATION

### 1.   WHY DID I RECEIVE THIS NOTICE?

A Court authorized the notice because you have a right to know about a proposed settlement of these class action lawsuits and about all of your options before the Court decides whether to give "final approval" to the settlement.  This notice explains the lawsuit, the settlement, and your legal rights.  Judge Robert E. Payne, of the United States District Court for the Eastern District of

Virginia, is overseeing this class action. The case is known as *Thomas v. Backgroundchecks.com*, Case No. 3:13cv029-REP (the "**Lawsuit**").

You are receiving this notice because the Defendant furnished your consumer report to an employer or prospective employer and you may be eligible to claim into the Settlement Fund.

## 2.   WHAT IS THIS LAWSUIT ABOUT?

### What the Plaintiff Claimed

Kelvin Thomas (the "**Plaintiff or "Class Representative"**") claims that the Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "**FCRA**") in connection with preparing background reports. Specifically, the Plaintiff contends that the Defendant violated the FCRA by (1) reporting criminal records to employers or potential employers without either furnishing notice to the consumer of the fact of such reporting or confirming the completeness and timeliness of the records at the time it prepared the report or (2) reporting inaccurate criminal record information.

### How the Defendant Responded

The Defendant has denied all claims in the Lawsuit and contends that it acted lawfully and in compliance with the FCRA at all times. Despite denying liability and wrongdoing, the Defendant has decided it is in its best interest to settle the Lawsuit to avoid the burden, expense, risk, and uncertainty of continuing the litigation.

## 3.   WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action lawsuit, one or more people called "Class Representative" (in this case, Kelvin Thomas) sue on behalf of other people who have similar claims. The group of people together is a "Class" or the "Class Members." The person who sued, and all the Class Members like him, is called the Plaintiff, or Class Representative. The company they sued (in this case, e-backgroundchecks.com, Inc.) is called the Defendant. One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class. Any judgment or settlement of the case resolves the claims for all people in the Class. The proposed Settlement in this case would fully and finally resolve, on the terms described below and in the Settlement Agreement, any claims you might have against the Defendant.

### WHO IS AFFECTED BY THE SETTLEMENT?

## 4.   HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

You are a member of the Settlement Class and are affected by the settlement if the Defendant supplied an employer or prospective employer with a background check about you that contained a conviction record and the Defendant did not provide you with notice that it had furnished that report and did not, at the time that it prepared the report, confirm that the reported information was complete and up-to-date.

Specifically, for the purposes of settlement only, the Court has provisionally certified a "**Settlement Class**" defined as follows:

> All natural persons residing in the United States, any U.S. territory, the District of Columbia, or Puerto Rico who were the subject of one or more consumer reports that BGC prepared and furnished directly to an end-user for its employment purposes during the period from January 11, 2011 to August 31, 2014, which report or reports contained one or more criminal offense records, where BGC neither (a) sent the person a notice pursuant to FCRA § 613(a)(1) [15 U.S.C. § 1681k(a)(1)] nor (b) as a matter of procedure, obtained the records from or confirmed the records with a government body (either directly or through others) after receiving the request for the report and before furnishing the report. Excluded from the Settlement Class are any Released Party, any consumer who has previously released his or her claims against BGC, and the Judge overseeing the Litigation.

If you fall within the foregoing Settlement Class definition, you will be a Settlement Class Member unless you exclude yourself from the Settlement Class.

**WHAT BENEFITS ARE PROVIDED?**

**5.   WHAT DOES THE SETTLEMENT PROVIDE?**

The Defendant has agreed

(1)     to pay $18 million (the "**Settlement Fund**") for the benefit of the Settlement Class, which funds will be used to make the payments to Settlement Class Members described below, to pay Plaintiff's attorneys' fees and litigation expenses, and to pay the costs of administering the Settlement;

(2)     to make changes to its business practices to better protect individuals when criminal history information about them is reported;

(3)     to provide Settlement Class Members with free copies of their historical and current criminal history information; and

(4)     to provide Settlement Class Members an expedited dispute process and, if appropriate, correct inaccurate criminal history information in their files.

The Settlement provides for two types of cash payments to Settlement Class Members.  These payments will be made only if the Court approves the Settlement:

(1)     <u>Stated Injury</u>.   Settlement Class Members who (i) were the subject of a BGC employment-purpose report that contained a record of criminal conviction, (ii) who were not mailed a notice that BGC had furnished public record information about that

consumer, and (iii) attest that they suffered reputational injury because of inaccurate, incomplete or out-of-date information in the report.

(2)  <u>Substantiated Injury</u>.  Settlement Class Members who (i) were the subject of a BGC employment-purpose report that contained a record of criminal conviction, (ii) who were not mailed a notice that BGC had furnished public record information about that consumer, (iii) attest that the report was inaccurate, incomplete, or out-of-date, and (iv) provide a specific description showing how the information either disparaged the Settlement Class Member or interfered with the Settlement Class Member's employment opportunity.

The Defendant has also agreed to provide Settlement Class Members, on request, with (1) a report reflecting the criminal history information provided to employers (available until July 31, 2015) *and* (2) a copy of the information BGC currently has in its files about the Settlement Class Member's criminal history (available if and when the Court approves the Settlement).  BGC has also agreed to establish an expedited procedure for Settlement Class Members to dispute the information in their current criminal history.

## HOW YOU GET SETTLEMENT BENEFITS

**6.  HOW CAN I MAKE A CLAIM FOR A CASH PAYMENT?**

You may make a claim for cash payment only if you suffered injury because BGC furnished an inaccurate background check about you.  You have to act to receive a payment from the Settlement Fund.  These payments will be available only if the Court approves the Settlement.

The Claim Form is attached to this Notice and must be completed and mailed by August 28, 2015.

The amount paid will depend on how many people submit approved claims. The Settlement provides for cash payments if you can attest under oath to one of two things:

(A) Submit a claim for "Stated Injury."  You may submit a claim that you suffered reputational injury as a result of inaccurate, incomplete or out-of-date information in the BGC background check report.  While you are not required to provide details as to the injury that you suffered, you must state under oath that the report contained inaccurate information.

OR

(B) Submit a claim for "Substantiated Injury."  You may submit a claim that you suffered injury as a result of the BGC background check report and provide details under oath to explain how your suffered injury as a result of the BGC background check report.  At a minimum you must state the name of the employer regarding whom you suffered the injury and some explanation of how the report was inaccurate. The Settlement will provide a larger payment for these claims than for the "Stated Injury" claims in (A) above.

OR

(C) You may decide not to submit a claim and still reserve your actual damages.  Instead of filing a claim, if you have actual damages that you believe are substantial, you may choose to send a Limited Claim Reservation Form to reserve your right to sue for actual damages.  A Limited Claim Reservation Form is attached to this Notice.  The deadline to mail that Form to the Settlement Administrator is July 16, 2015.  If you chose to reserve your actual damages claim, you will be allowed to and need to pursue that claim on your own and outside of this case.

By completing the Limited Claim Reservation Form, you acknowledge that you have not also submitted a Claim Form to receive funds from the Settlement Fund. If you submit both the Limited Claim Reservation Form and a Claim Form, the Limited Claim Reservation Form will be rejected, the Claim Form will take priority, and you will have elected to participate in the Settlement.

**7.  WHEN WOULD I GET MY SETTLEMENT CHECK?**

The Settlement Administrator will begin issuing checks from the Settlement Fund after the Court approves the Settlement.  The Court will hold a hearing on July 29, 2015 to decide whether to approve the Settlement.  If the Court approves the Settlement, there may then be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year after Court approval.  The progress of the Settlement will be reported at **www.bgcthomassettlement.com.**

**FREE REPORTS OF CRIMINAL HISTORY INFORMATION**

**8.  CAN I RECEIVE A COPY OF THE CRIMINAL REPORT HISTORY INFORMATION THAT WAS PROVIDED TO MY EMPLOYER OR POTENTIAL EMPLOYER AT THE TIME THE REPORT WAS ORIGINALLY REQUESTED?**

Yes. You may request a free copy of the criminal history information that was included in the report provided to your employer or potential employer at the time the report was ordered.

If you would like to review the criminal history information that the Defendant provided to your employer or potential employer to determine if it was inaccurate, and to decide whether or not to file a Claim Form or a Limited Claim Reservation Form, please go to [BGC website].  If you do not have access to the internet, you may contact the Class Administrator toll free at (855) 770-0005 for assistance.

You will need a copy of your individual settlement code, which was included in the notice mailed to you.

These reports will be available only until July 31, 2015.  The deadline for filing a Claim Form or a Limited Claim Reservation Form will continue to apply.

### 9. HOW DO I RECEIVE A FREE COPY OF MY CURRENT CRIMINAL HISTORY INFORMATION AND DISPUTE INFORMATION I THINK IS INACCURATE?

If and when the Settlement is approved, you may request a free copy of your current criminal history information at [BGC website].  If you provide an e-mail address to the Settlement Administrator, you will receive an e-mail notice when the Settlement has been approved and when you can request a free copy of your criminal history information.  You can provide an e-mail address either through a Claim Form, a Limited Claim Reservation Form, or through the procedures available on the settlement website at **www.bgcthomassettlement.com**.  If you do not have access to the internet, you may contact the Class Administrator toll free at (855) 770-0005 for assistance.

### 10. HOW CAN I TAKE ADVANTAGE OF MY RIGHT TO USE THE EXPEDITED DEDICATED DISPUTE PROCESS?

If and when the Court approves the Settlement, the Defendant will establish a toll free number for you to request an expedited investigation of any inaccurate criminal history information in your file.  The expedited dispute procedure will also be available by facsimile, e-mail, or mail.  You will be provided with this contact information at approximately the same time you receive your current criminal history information.

### 11. WHAT AM I GIVING UP TO GET A BENEFIT OR STAY IN THE SETTLEMENT CLASS?

Unless you exclude yourself, you are staying in the Settlement Class, which means that you cannot be part of any other lawsuit against the Defendant (or other parties released by the settlement) about the legal claims in this case and legal claims that could have been brought in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you do not exclude yourself from the Settlement Class, you will agree to a "Release of Claims," stated below, which describes exactly the legal claims that you give up if you get settlement benefits.  Basically, you are releasing your right to individually sue for any violation of federal or state law based on the Defendant's reporting criminal information to employers.

The "Release" contained in the Settlement Agreement states:

> Upon the Effective Date, the Releasing Parties acknowledge the full satisfaction of the Released Claims, and fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims. This Settlement Agreement does not satisfy, settle, release, or discharge General Information Services, Inc. for any liability that arises from information it sold directly to third parties (including resellers other than BGC), which may include information it purchased from BGC. Upon the Effective Date, this Settlement Agreement will bind every Settlement Class Member, even if the Settlement Class Member never received actual notice of the Settlement Agreement before the Final Fairness Hearing and even if the Settlement Class Member never receives payment under this Settlement Agreement. Upon the Effective Date, the Court must dismiss the Released

Claims and the Litigation with prejudice as to Plaintiff and the Settlement Class Members.

Those "Released Claims" are all Claims arising through the date of the Order granting preliminary approval:

(1) arising or that could have been brought under the FCRA or any FCRA State Equivalent of the FCRA (whether related to accuracy, completeness, currency, obsolescence, privacy, disclosure, authorization, notification, dispute processing, or other requirement); or

(2) related to, arising from, or in connection with BGC's preparing or furnishing of a consumer report or other information regarding a Plaintiff or a Settlement Class Member; or

(3) related to, arising from, or in connection with BGC's re-investigation of a consumer report or other information regarding a Plaintiff or a Settlement Class Member; or

(4) related to, arising from, or in connection with the file for a Plaintiff or a Settlement Class Member maintained by BGC.

The "Released Parties" are:

(1) BGC;

(2) any individual, corporation, or firm controlling, controlled by, or under common control with BGC, but only in that capacity;

(3) any individual, corporation, or firm controlling, controlled by, or under common control with BGC (and any governmental agency) that supplied information included in a report for which BGC is released, but only in that capacity;

(4) anyone that succeeds to the business or operations of anyone listed in one or more of Subsection 1.1.1(a)(1) through Subsection 1.1.1(a)(3) (for example, in a merger) , but only in that capacity;

(5) the former, current, and future directors, officers, trustees, shareholders, partners, contractors, agents, representatives, and employees of anyone listed in one or more of Subsection 1.1.1(a)(1) through Subsection 1.1.1(a)(4) , but only in that capacity;

(6) any heirs, successors, devisees, executors, and administrators of any individual listed in one or more of parts Subsection 1.1.1(a)(2) through Subsection 1.1.1(a)(5), but only in that capacity;

(7) the insurer of anyone listed in one or more of Subsection 1.1.1(a)(1) through Subsection 1.1.1(a)(6) or any re-insurer of such an insurer, but only in that capacity;

(8) anyone that succeeds to the business or operations of anyone listed in Subsection 1.1.1(a)(7) (for example, in a merger), but only in that capacity;

(9) any individual, corporation, or firm controlling, controlled by, or under common control with anyone listed in one or both of Subsection 1.1.1(a)(7) or Subsection 1.1.1(a)(8), but only in that capacity; and

(10) the former, current, and future directors, officers, trustees, shareholders, partners, contractors, agents, representatives, and employees of anyone listed in one or more of Subsection 1.1.1(a)(6) through Subsection 1.1.1(a)(9), but only in that capacity.

## EXCLUDING YOURSELF FROM THE SETTLEMENT FUND ONLY

If you want to remain in the Settlement Class and receive benefits from this Settlement, but you also want to reserve your right to sue the Defendant on your own solely for any actual damages relating to inaccuracies in your criminal background report(s) or your dispute of your criminal background report(s), you may exclude yourself from participation in the Settlement Fund. This gives you the right to bring your own lawsuit for actual damages but precludes you from participating in the Settlement Fund, and you will not receive any payments from the Settlement Fund. The Defendant will be able to assert defenses to any such lawsuit, and you may not recover anything.

### 12. HOW DO I EXCLUDE MYSELF FROM PARTICIPATION IN THE SETTLEMENT FUND?

If you believe the criminal background report(s) the Defendant furnished was inaccurate, or that the Defendant made a mistake in the dispute and reinvestigation process, and that you suffered actual damages, you can submit a Limited Claim Reservation Form to reserve your right to sue solely for actual damages resulting from the report(s). A copy of the Limited Claim Reservation Form is available at **www.bgcthomassettlement.com.**or by calling (855) 770-0005. If you do this, you will not be eligible to submit a Claim Form or receive compensation in this Settlement for inaccuracies in the criminal background report that the Defendant furnished.

To be valid, you must postmark the Limited Claim Reservation Form by July 16, 2015.

### 13. IF I EXCLUDE MYSELF FROM PARTICIPATION IN THE SETTLEMENT FUND, CAN I SUE THE DEFENDANT LATER?

Yes. You may sue the Defendant under either or both of sections 1681e(b) and 1681i(a) of the FCRA solely for any actual damages you allegedly incurred. You may not, however, sue for statutory, punitive, consequential, or any other type or category of damages aside from actual damages. Your claim may be pursued solely on an individual basis, and not on a mass, class, joint, or any other basis. You may need to retain your own attorney, and you will be required to file a complaint in the appropriate court within the time provided by applicable statutes of limitations, and make the applicable evidentiary showing subject to the governing burdens of proof, before receiving any recovery with respect to your claim. The Defendant has not agreed to pay you any money if you pursue this route, and will be able to assert defenses to your claims. A judge or jury will decide whether you are in fact entitled to any actual damages.

### 14. IF I EXCLUDE MYSELF FROM THE SETTLEMENT FUND, WILL I RECEIVE ANY PAYMENT IN THE SETTLEMENT?

No.

## EXCLUDING YOURSELF FROM THE ENTIRE SETTLEMENT

If you do not want to part of the Settlement Class and participate in any way in this Settlement, but you want to maintain your right to sue or continue to sue the Defendant on your own about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.  Opting out gives you the right to bring your own lawsuit but does not guarantee that your own lawsuit will be successful.

## 15. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

You may "opt out" or exclude yourself from the settlement as explained below.

REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE JULY 16, 2015 WILL NOT BE HONORED.

You cannot exclude yourself by telephone or by e-mail.  You also cannot exclude yourself by mailing a request to any location other than that specified below or by mailing a request after the deadline.  You also cannot exclude yourself as part of a group, aggregate, or class involving more than one consumer.

If you exclude yourself, you should promptly consult your own attorney about your rights as the time to file an individual lawsuit is limited.

To exclude yourself from the settlement, you must complete the attached Exclusion Request, selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of *Thomas v. Backgroundchecks.com*.  Be sure to include:  (1) the name of the Lawsuit, *Thomas v. Backgroundchecks.com*, Case No. 3:13cv029-REP; (2) your full name, current address, telephone number, and last four digits of your Social Security Number; (3) a statement of intention to exclude yourself from the Settlement; and (4) your signature.  You must mail your Exclusion Request no later than July 16, 2015 to:

Thomas v. Backgroundchecks.com Settlement
c/o Settlement Administrator
P.O. Box 1607
Blue Bell, PA  19422

## 16. IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE DEFENDANT FOR THE SAME THING LATER?

No.  Unless you exclude yourself, you give up the right to sue the Defendant and the Released Parties for the claims that this Settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.  You may need to exclude yourself from *this* class action to continue your own lawsuit.  Remember, your Exclusion Request must be postmarked by July 16, 2015.

## 17. IF I EXCLUDE MYSELF, CAN I GET ANY MONETARY BENEFIT FROM THE SETTLEMENT?

No.

## THOSE REPRESENTING YOU

**18. DO I HAVE A LAWYER IN THE CASE?**

Yes.  The Plaintiff retained (a) **Leonard A. Bennett, Matthew J. Erausquin, and Susan Rotkis** of Consumer Litigation Associates, P.C., 763 J. Clyde Morris Blvd 1A, Newport News, VA 23601; (b) **James A. Francis, David A. Searles, and John Soumilas** of Francis & Mailman, P.C., 19th Floor, 100 South Broad Street, Philadelphia, PA 19110; (c) **Anthony R. Pecora and Matthew A. Dooley** of O'Toole, McLaughlin, Dooley & Pecora, Co., 5455 Detroit Road (Route 254), Sheffield Village, OH 44054; (d) **Dale Wood Pittman** of The Law Offices of Dale Wood Pittman, P.C., 751-A Thimble Shoals Blvd., Newport News, VA 23606; (e) **Keith J. Keogh** of Keogh Law Ltd., 55 W. Monroe St., Suite 3390, Chicago, IL 60603; and (f) **Sharon Dietrich** of Community Legal Services, Inc., 1424 Chestnut Street, Philadelphia, PA 19102 to represent you and the rest of the Settlement Class.  In connection with the preliminary approval of the settlement, the Court appointed these attorneys to represent you and other members of the Settlement Class.  Together, the attorneys are called "**Class Counsel**."  These lawyers will not separately charge you for their work on the case.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**19. HOW WILL THE LAWYERS BE PAID?**

Class Counsel will ask the Court for an award of attorneys' fees, which the Defendant has agreed to pay as part of the Settlement Fund, with Class Counsel requesting approximately 30% of the Settlement Fund.  However, the Court may ultimately award less than this amount.  Class Counsel will also ask the Court to reimburse their costs and expenses incurred by them and by the Class Representative in litigating this matter.  The Defendant has paid for the costs of this notice to you and the costs of administering the settlement as part of the Settlement Fund.

**20. IS THE CLASS REPRESENTATIVE ENTITLED TO ANY ADDITIONAL PAYMENT?**

In addition to the monetary relief described above, Class Counsel will ask the Court to approve a payment to the Class Representative of an amount not to exceed $5,000 as an individual service award for his efforts and time expended in prosecuting the Lawsuit.  However, the Court may ultimately award less than this amount.  Any payment will be made from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

**21. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?**

If you are a Settlement Class Member, you can object to the Settlement if you do not think any part of the Settlement is fair, reasonable, or adequate.  You can and should explain the detailed reasons why you think that the Court should not approve the Settlement, if this is the case.  The Court and Class Counsel will consider your views carefully.  To object, you must send a letter stating that you object to the Settlement in *Thomas v. Backgroundchecks.com*  Be sure to

include:  (1) the name of the Lawsuit, *Thomas v. Backgroundchecks.com*, Case No. 3:13cv029-REP; (2) your full name, current address, telephone number, and last four digits of your Social Security Number; (3) a detailed explanation of the reasons you object to the settlement and any papers in support of your position; and (4) signed verification of membership in the Settlement Class.  Mail the foregoing to these three different places no later than July 16, 2015:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court | Leonard A. Bennett | Cindy D. Hanson |
| United States District Court | CONSUMER LITIGATION | KILPATRICK TOWNSEND |
| 701 East Broad Street | ASSOCIATES, P.C. | & STOCKTON, LLP |
| Richmond, VA 23219 | 763 J. Clyde Morris Blvd 1A | 1100 Peachtree St. NE |
| | Newport News, VA 23601 | Suite 2800 |
| | | Atlanta, GA 30309 |

You must also file a statement with the Court that tells the Court the date that you also mailed or delivered copies of these papers to Class Counsel and Defense Counsel.

## 22. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you remain in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object to this Settlement because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

## 23. WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE SETTLEMENT?

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you do not have to.

The Court will hold a fairness hearing on July 29, 2015 at 10:00 o'clock a.m. in Courtroom 7400 of the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have submitted timely requests to speak at the hearing.  The Court may also decide the amount that Class Counsel and the Class Representative will be paid.  After the hearing, the Court will decide whether to finally approve the Settlement.

## 24. DO I HAVE TO COME TO THE HEARING?

No.  Class Counsel will answer any questions the Court may have.  You are welcome to come at your own expense if you so desire.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

## 25. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter saying that it is your "Notice of Intent to Appear in *Thomas v. Backgroundchecks.com*." Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intent to Appear must be sent to the Clerk of Court, Class Counsel, and Defense Counsel, at the three addresses previously provided in Section 20, and must be postmarked by July 16, 2015. You cannot speak at the hearing if you have excluded yourself.

## 26. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This notice summarizes the proposed settlement.  More details can be found on the settlement website at **www.bgcthomassettlement.com**, which includes the Complaint, Settlement Agreement, and other governing settlement documents.

## 27. HOW DO I GET MORE INFORMATION?

You can visit the website at **www.bgcthomassettlement.com**.  If you have questions about the case, you can call toll free (855) 770-0005 or write to:

Thomas v. Backgroundchecks.com Settlement
c/o Settlement Administrator
P.O. Box 1607
Blue Bell, PA  19422

**PLEASE DO NOT CALL THE COURT, THE CLERK, OR THE DEFENDANT REGARDING THIS SETTLEMENT.**
