UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **KELVIN THOMAS, on behalf of himself and all others similarly situated,**<br><br>  **Plaintiff,**<br><br>  v.<br><br>**BACKGROUNDCHECKS.COM (in its own name and trading as e-backgroundchecks.com)**<br><br>  **Defendant.** | Case No. 3:13-cv-029-REP |

ORDER PRELIMINARILY APPROVING SETTLEMENT
AND DIRECTING NOTICE TO CLASS

The Court, having reviewed the Amended Settlement Agreement (the "Settlement Agreement")[1] entered into by the parties, hereby Orders that:

1. Upon the stipulation of the parties, the Court certifies a class for settlement purposes only (the "Settlement Class"), pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

> All natural persons residing in the United States, any U.S. territory, the District of Columbia, or Puerto Rico who were the subject of one or more consumer reports that BGC prepared and furnished directly to an end-user for its employment purposes during the period from January 11, 2011 to August 31, 2014, which report or reports contained one or more criminal offense records, where BGC neither (a) sent the person a notice pursuant to FCRA § 613(a)(1) [15 U.S.C. § 1681k(a)(1)] nor (b) as a matter of procedure, obtained the records from or confirmed the records with a government body (either directly or through others) after receiving the request for the report and before furnishing the report. Excluded from the Class are any officers, directors, or employees of, any consumer who has previously released his or her claims against BGC, and the Judge overseeing this action.

---

[1] Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Settlement Agreement.

1

2. The Settlement Agreement entered into between the parties as of May 12, 2015 appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Class. Accordingly, the proposed settlement is preliminarily approved, pending a fairness hearing as provided for herein.

3. The Court finds the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

(a) there are thousands of Settlement Class members;

(b) the claims of the Settlement Class Representative are typical of those of the other members of the Settlement Class;

(c) there are questions of fact and law that are common to all members of the Settlement Class; and

(d) the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class and has retained Class Counsel experienced in complex commercial and class action litigation who have and will continue to adequately represent the Settlement Class.

4. The Court finds this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members.

5. Pursuant to Fed. R. Civ. P. 23, Plaintiff Kelvin Thompson is certified as the Class Representative of the Settlement Class. This Court certifies (a) Leonard A. Bennett, Matthew J. Erausquin, and Susan Rotkis of Consumer Litigation Associates, P.C.; (b) James A.

Francis, David A. Searles, and John Soumilas of Francis & Mailman, P.C.; (c) Anthony R. Pecora and Matthew A. Dooley of O'Toole, McLaughlin, Dooley & Pecora, Co.; (d) Dale Wood Pittman of The Law Offices of Dale Wood Pittman, P.C.; (e) Keith J. Keogh of Keogh Law Ltd.; (f) Sharon Dietrich from Consumer Legal Services of Philadelphia; and (g) each of the law firms so listed as counsel for the Settlement Class ("Settlement Class Counsel").

6. The Court will hold a Final Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) on July 29, 2015 in Courtroom 7400 at 10:00, a.m. for the following purposes:

(a) To finally determine whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

(b) To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

(c) To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

(d) To consider the application of Settlement Class Counsel for an award of attorney's fees and expenses, and for an individual settlement and service award to the Class Representative; and

(e) To rule upon other such matters as the Court may deem appropriate.

7. (a) Within thirty (30) days of the entry of this Order, BGC shall provide the Settlement Administrator with a class list in electronic form.

(b) The Settlement Administrator shall electronically check and update the mailing addresses against the USPS National Change of Address database. Within the earlier of 40 days after Preliminary Approval or June 1, 2015, BGC shall send the Mail Notice attached as Exhibit B to the Settlement Agreement via U.S. Mail, first class, to each Settlement Class member's current address on the BGC file, as updated following the address scrub.

(c) No later than three (3) business days before mailing the Mail Notice described above, the Settlement Administrator shall establish the Settlement Website. The

3

Settlement Administrator shall set forth the following information on the Settlement Website: (i) the full text of the Settlement Agreement; (ii) the Long-Form Notice; (iii) the Claim Form, in PDF format; (iv) the Preliminary Approval Order and other relevant orders of the Court; (v) other documents from the Litigation that the Parties jointly determine to be appropriate; (vi) a mutually agreed section of frequently asked questions; and (vii) contact information for Settlement Class Counsel and the Settlement Administrator.

8. No later than three (3) business days before mailing the Mail Notice, the Settlement Administrator shall establish and staff a toll-free telephone number to answer questions from Settlement Class Members. Through the toll-free number, the Settlement Administrator shall provide access to live support during the hours of 8:00 am through 6:00 pm eastern time, Monday through Friday (excluding federal holidays) and a voice response unit outside of those hours. The Settlement Administrator must provide these services in English and include a voice response unit option for callers who speak Spanish.

9. BGC (and/or its insurer) shall transfer $1,500,000 to the Settlement Administrator within ten (10) business days of the date of this Preliminary Approval Order.

10. The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

11. The costs of printing and mailing the Mail Notice and administering the settlement shall be paid by the Settlement Fund.

12. The Settlement Administrator shall file, no later than ten (10) days before the Final Fairness Hearing, proof of mailing of the Mail Notice, the establishment and maintenance

of the Settlement Website and the establishment and maintenance of the Telephone Assistance Program with the Court.

13. If a Settlement Class Member chooses to opt-out of the Settlement Class, such class member is required to submit an Exclusion Request to the Settlement Administrator, postmarked on or before the date specified in the Mail Notice, which shall be no later than forty-five (45) days after the date of mailing the Mail Notice. A class member who submits an Exclusion Request using the procedure identified above shall be excluded from the Settlement Class for any and all purposes. No later than five business days after the deadline for submission of opt-out requests, the Settlement Administrator must provide to Settlement Class Counsel and Defendant's Counsel a complete list of all persons who have validly opted out of the class of Settlement Class Members together with copies of the opt-out requests.

14. A Settlement Class Member who does not file a timely Exclusion Request shall be bound by all subsequent proceedings, orders, and judgments in the Litigation. A Settlement Class Member may revoke an opt-out request in writing. To be valid, opt-out revocations must be postmarked no later than 45 days after the date of mailing the Mail Notice.

15. (a) Each Settlement Class Member shall have the right to object to the settlement by filing a notice of intent to object with the Clerk of the Court not later than forty-five (45) days after the date of the mailing of the Mail Notice. Any such objection must comply with all applicable Virginia and federal laws and rules, and be sent to Settlement Class Counsel and Defendant's Counsel by first-class mail, postmarked no later than forty-five (45) days after the date of mailing the Mail Notice.

(b) The right to object must be exercised individually by an individual Settlement Class Member, not as a member of a group or subclass and, except in the case of

a deceased or incapacitated Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity.

(c) The objection must contain: (i) the objector's name, address, and telephone number; (ii) the name of this Litigation and the case number; (iii) a statement of each objection; and (iv) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.

(d) If the Settlement Class Member's objection is submitted through an attorney, the objection must contain, in addition to the information set forth above, (i) the identity and number of Settlement Class Member(s) represented by objector's counsel; (ii) the number of such represented Settlement Class Member(s) who have opted out; and (iii) the number of such represented Settlement Class Member(s) who have remained in the Settlement Class and have not objected.

(e) If an objector's counsel will ask to be awarded attorneys' fees or expenses from a source other than his or her client, that counsel must file with the Court and serve on all Counsel, in addition to the documents described above, not later than 45 days after the date of mailing the Mail Notice,[2] a document containing the following information: (i) a description of the attorney's legal background and prior experience in connection with class action litigation, including all the previous cases in which the attorney has represented an objector to a class action settlement; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought were calculated on the basis of a

---

[2] With the consent of the Parties, this date varies from the date in the Settlement Agreement and the date in this Order is controlling.

lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate.

16. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Class Representative and for an award of attorney's fees and expenses shall be filed not later than ten (10) days before the Final Fairness Hearing.

17. To the extent that the class list produced by BGC constitutes one or more consumer reports under the FCRA, the Court hereby orders BGC to produce that information, pursuant to 15 U.S.C. § 1681b(a)(1).

18. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____
United States District Judge

Dated:_____